FRANK D. SANDERS, AS MARSHAL OF THE CITY OF PENSACOLA, *Plaintiff in Error,* v. IRA C. HOWELL, *Defendant in Error.*

Opinion Filed March 6, 1917.

1. The maxim of *leges posteriores priores contrarias abrogant* is not applicable to cases where the precedent act is special or particular, and the subsequent act is general, the rule being that a later general act does not work any repeal of a former particular statute.

2. In the construction of general and special acts the maxim *generalia specialibus non derogant* applies, and a general act will not be held to repeal or modify a special one embraced

Sanders v. Howell—Syllabus

,within the general terms of the general act, unless the general act is a general revision of the whole subject, or unless the two acts are so repugnant and irreconcilable as to indicate a legislative intent that the one should repeal or modify the other.

3. One statute will not be held to repeal a former one unless there is a positive repugnancy between the two, or the latter was clearly intended to prescribe the only rule which should govern the case provided for, or it revises the subject-matter of the former, or expressly repeals it.

4. The invariable rule of construction in respect to the repealing of statutes by implication is that the earliest act remains in force, unless the two are manifestly inconsistent with and repugnant to each other.

5. Repeals by implication are not favored, and in order that the court may declare that one statute repeals another by implication, it must appear that there is a positive repugnancy between the two, or that the last was clearly intended to prescribe the only rule which should govern the case provided for, or that it revises the subject-matter of the former.

6. Where there are valid local or special laws relating to the powers and government of particular municipalities that are in conflict with the general statutory law, such local or special laws prevail.

Writ of Error to Court of Record for Escambia County; Kirke Monroe, Judge.

Judgment reversed.

*John B. Jones,* for Plaintiff in Error;

*John P. Stokes,* for Defendant in Error.

SHACKLEFORD, J.—Ira C. Howell filed a petition for a writ of habeas corpus, the material allegations of which are as follows:

"1. That your petitioner is detained in custody and deprived of his liberty in Escambia County, Florida, by Frank D. Sanders as City Marshal of the City of Pensacola, a municipal corporation chartered by the legislature of the State of Florida, upon the charge that your petitioner has violated the ordinances of the City of Pensacola, in that since October 1st, A. D. 1916, in the said City of Pensacola, he has sold milk without first paying to the City of Pensacola the license tax required by said city of persons engaged in selling milk in said city.

"2. That your petitioner is possessed of a farm consisting of fifty acres, located in Escambia County, Florida, without the confines of said municipality, on which petitioner lives with his family, consisting of a wife and four children on which petitioner is, and has been for several years past, cultivating and raising crops of corn, hay, potatoes, watermelons, peas and peanuts, and different kinds of vegetables; that petitioner does now, and for many years past, own about forty head of cows, about twenty head of which are milch cows, all of which were raised by petitioner upon his said farm and are there kept by him; that as a part of petitioner's business as a farmer, and upon his said farm he produces a certain quantity of sweet milk, which he sells in the said City of Pensacola to persons who might desire to purchase the same; that petitioner does not sell any milk whatever other than that produced upon his farm by his said cows.

"3. That the milk sold by petitioner in the said City of Pensacola was a farm product produced by him upon his said farm, and that said municipality of Pensacola has no right in law to impose upon him or require him

to pay any license tax whatever for the privilege of selling said milk.

·"That your petitioner, therefore, alleges that the said Frank D. Sanders, as such City Marshal, has deprived him of his liberty without authority of law and contrary to the statutes of the State of Florida in such case made and provided."

Then follows the usual prayer for the writ.

The court issued the writ and the respondent filed his return to the effect that he had arrested the petitioner and held him in custody for trial before the Police Court of the City of Pensacola upon the affidavit and warrant, copies of which are attached. The material allegations of the warrant are as follows:

"Whereas, complaint on oath has been made before me that Ira C. Howell on the 31st day of October, 1916, in the State and County aforesaid, and within the corporate limits of the City of Pensacola, did violate the ordinances of said city, to-wit: Section 112 of the license ordinance as amended September 26, 1916, by engaging in the business and occupation of peddling, selling and delivering to customers milk and cream without first having paid the license required by said section and by Section 1. of an ordinance to regulate the production and sale, and to perfect the purity of milk in the City of Pensacola, passed June 14, 1915, in violation of the ordinances of said city, in such case made and provided."

The petitioner moved to quash the return upon the following ground: "That it affirmatively appears from the petition, writ and return, that petitioner is held in custody without authority of law and contrary to the Statute of the State of Florida, because petitioner is held in custody upon the charge of having violated the ordinances of the City of Pensacola exacting a license tax of

him for the privilege of selling farm products in the violation of the Act of the Legislature of 1915, exempting from such license tax the sale of farm products by the farmer who produces same."

The court entered the following order or judgment upon the motion: "This cause came on to be heard upon the petitioner's motion to quash the respondent's return to the writ of habeas corpus issued in this cause, after argument of counsel, the court being fully advised in the premises, it is ordered and adjudged that said motion to quash said answer be, and the same is hereby sustained; and the respondent not desiring to plead further, it is ordered and adjudged that petitioner be discharged from custody of respondent, and that respondent do pay the cost of this proceeding as taxed by the Clerk; to which ruling the respondent, by his attorneys, excepted, and respondent is allowed a writ of error returnable before the Supreme Court of Florida to review the order and judgment herein.

"DONE AND ORDERED in Chambers at Pensacola, Florida, this 4th day of November, A. D. 1916."

It is conceded by the plaintiff in error and the defendant in error in their briefs that two questions are presented upon this writ of error for determination: First, Does Chapter 6924 of the Laws of Florida (Acts of 1915, Vol. 1 p. 267) repeal pro tanto Section 1 of Chapter 6087 of the Laws of Florida (Acts of 1909, p. 583)? Second, Is the milk produced upon the farm of Howell "a farm product" within the contemplation of Chapter 6924?

Section 1 of Chapter 6087 is as follows: "That the Mayor and City Council of the City of Pensacola are hereby authorized to levy and impose license taxes for municipal purposes upon any and all occupations and

upon any and all privileges and to grade and fix the amount to be paid as fully and to the same extent and in the same manner that the Legislature could impose such licenses and taxes, for city purposes and without regard to any of the provisions of the general revenue law of this State not specially repealing this Act."

The ordinances of the City of Pensacola for the alleged violation of which the petitioner was arrested are not specifically set out in the transcript, but are so set out in the briefs of each of the parties. As is therein stated,

"The ordinance of the City of Pensacola, passed June 14, 1915, 'to regulate the production and sale, and to perfect the purity of milk in the City of Pensacola,' provides:

"'Section 1: That all dairymen who sell or supply milk or cream in any way to or for the people of Pensacola, shall be required to pay an annual license, and this license shall in no way affect, interfere with or be a substitute for any vehicle license which may be imposed by the City of Pensacola.'

"Section 112 of the license tax ordinance, as amended Sept. 26th, 1916, is as follows:

"'Section 112: Dairies or persons peddling, selling or delivering to customers, milk, cream or dairy products, for the products from one to two cows, two dollars per year; for three to five cows, five dollars per year; and in addition thereto the sum of fifty cents per head for every cow exceeding five in number. Dairies or persons keeping any place for the sale of milk, cream or dairy products, the sum of five dollars per year in addition to the amount of the license tax herein imposed upon dairies or persons peddling or selling and delivering the products to customers, and apportioned accordingly.'"

Section 11 of Chapter 4513 of the Laws of Florida (Acts of 1895, p. 11), provides that "The courts of this State shall take judicial cognizance of the ordinances of the City (Pensacola) and the printed copy."

There can be no question that the City of Pensacola under the authority of Section 1 of Chapter 6087, which we have copied above, could adopt these ordinances. See State *ex rel.* Niles v. Smith, 62 Fla. 93, 57 South. Rep. 426; Ferguson v. McDonald, 66 Fla. 494, 63 South. Rep. 915; Hardee v. Brown, 56 Fla. 377, 47 South. Rep. 834. What effect upon the power of the city to adopt these ordinances did Chapter 6924 of the Laws of Florida have? This Chapter is as follows:

## "CHAPTER 6924—(No. 118.)

"AN ACT to Exempt All Farm and Grove Products From All Forms of License Tax.

*"Be it Enacted by the Legislature of the State of Florida:*

"Section 1. That all farm and grove products, and products manufactured therefrom, except intoxicating liquors, wine or beer, shall be exempt from all forms of license tax, State, County and Municipal, when the same is being offered for sale or sold by the farmer or grower producing the said products.

"Sec. 2. That this Act shall go into effect immediately upon its passage and approval by the Governor.

"Approved June 1, 1915."

As will be seen, this Chapter became effective on the 1st day of June, 1915, whereas the two ordinances in question, which we have copied above, were adopted on the 14th day of June, 1915, and the 26th day of September, 1916, respectively. The plaintiff in error cites and relies upon Stewart v. DeLand and Lake Helen Special

Road and Bridge District, 71 Fla. 158, 71 South. Rep. 42, wherein we held as follows:

"The maxim of *leges posteriores priores contrarias abrogant* is not applicable to cases where the precedent act is special or particular, and the subsequent act is general, the rule being that a later general act does not work any repeal of a former particular statute.

"In the construction of general and special acts the maxim *generalia specialibus non derogant* applies, and a general act will not be held to repeal or modify a special one embraced within the general terms of the general act, unless the general act is a general revision of the whole subject or unless the two acts are so repugnant and irreconcilable as to indicate a legislative intent that the one should repeal or modify the other.

"One statute will not be held to repeal a former one unless there is a positive repugnancy between the two, or the latter was clearly intended to prescribe the only rule which should govern the case provided for, or it revises the subject matter of the former, or expressly repeals it.

"The invariable rule of construction in respect to the repealing of statutes by implication is that the earliest act remains in force, unless the two are manifestly inconsistent with and repugnant to each other."

We fully approve of this holding. We would also call attention to the fact that Chapter 6924 contains no repealing clause. Unless, then, Chapter 6924 and Section 1 of Chapter 6087 of the Acts of 1909 are so repugnant and irreconcilable as to indicate a legislative intent that the former should repeal *pro tanto* or modify the latter, both statutes must be permitted to stand. In Florida East Coast Ry. Co. v. Hazel, 43 Fla. 263, 31 South. Rep., 272, 99 Amer. St. Rep. 114, we held that "Repeals by implication are not favored, and in order

that the court may declare that one statute repeals another by implication, it must appear that there is a positive repugnancy between the two, or that the last was clearly intended to prescribe the only rule which should govern the case provided for, or that it revises the subject-matter of the former." See also State v. County of Gadsden, 63 Fla. 620, 58 South. Rep. 232. In Ferguson v. McDonald, 66 Fla. 494, 63 South. Rep. 915, we held that, "Where there are valid local or special laws relating to the powers and government of particular municipalities that are in conflict with the general statutory law, such local or special laws prevail." Under these authorities, we must hold that Section 1 of Chapter 6087 of the Acts of 1909 has not been modified or repealed by Chapter 6924 of the Acts of 1915.

Having reached this conclusion, it becomes unnecessary for us to pass upon the second question and determine whether or not milk is a farm product.

The judgment of the Court of Record is hereby reversed and the defendant in error hereby remanded to the custody of the officer detaining him to be dealt with according to law, at the cost of the defendant in error.

TAYLOR, WHITFIELD and ELLIS, JJ., concur.

BROWNE, C. J., *dissenting.*—The principles governing the repeal of statutes by implication laid down in Stewart v. DeLand-Lake Helen Special Road and Bridge District, 71 Fla. 158, 71 South. Rep. 42, cited approvingly in the opinion of the majority of the court, as well as the principles laid down in prior decisions, impel me to a different conclusion from that reached by this court.

The court has said "While statutes may be impliedly as well as expressly repealed, yet the enactment of a stat-

ute does not operate to repeal by implication prior stat-
utes unless such is clearly the legislative intent. An in-
tent to repeal prior statutes or portions thereof may be
made apparent when there is a positive and irreconcilable
repugnancy between the provisions of the later enactment
and those of prior existing statutes." State v. Gadsden
County, 63 Fla. 620, 58 South. Rep. 232, and cases cited.

It seems to be settled by the cases cited *supra,* and by
the opinion in this case, that a general act will be held to
repeal a prior special act when "the two acts are so re-
pugnant and irreconcilable as to indicate a legislative in-
tent that the one should repeal or modify the other."

The case of Florida East Coast Ry. Co. v. Hazel,
quoted from in the majority opinion, recognizes the doc-
trine that a special statute may be repealed by a general
one if there is a "positive repugnancy" between the two,
or if "the last was clearly intended to prescribe the only
rule which should govern the case provided for;" and
this, notwithstanding "Repeals by implication are not
favored."

In the case of Ferguson v. McDonald, 66 Fla. 494, 63
South. Rep. 915, the right of the City of Miami to im-
pose a license tax on a Telegraph Company was upheld,
notwithstanding the provisions of the general State reve-
nue license law, which provided that "no further license
tax shall be imposed by any county or municipality;"
but that was based upon the provision of the general reve-
nue license law, that "Nothing in this act shall be con-
strued as in any way abridging or limiting the powers
which have been granted, or may be granted to any mu-
nicipal corporation by special act or Charter Act for the
purpose of requiring the payment of license taxes."

Chapter 6924 Laws of Florida, Acts of 1915, does
not contain such a reservation or exception. It is posi-

tively prohibited, and the permissive authority of the Pensacola Charter is so repugnant and irreconcilable to the latter act, "as to indicate a legislative intent that the former should repeal *pro tanto,* the latter." I know of no language by which the Legislature could have expressed its intention more forcibly, more emphatically, more unequivocally than that used in the act which this decision nullifies so far as the City of Pensacola and other cities having similar Charters are concerned.

The rules governing the construing of Legislative enactments are prescribed for the purpose of ascertaining the legislative intent, and should not be applied to thwart it, particularly a case in which the intention is so clear and unequivocal, and I am reluctant to declare any act of the legislature or any part thereof, void or inoperative, except when it is so clearly so as to leave no ground for a reasonable difference of opinion. I think the decision of the lower court should have been affirmed.

### On Petition for Rehearing.

PER CURIAM.—In a petition for rehearing it is said the court misapplied the judicial rule of construction as to conflicts in special and general laws covering the same subject. The construction in this case is controlled by the State Constitution as was stated in the case of Ferguson v. McDonald, 66 Fla. 494, 63 South. Rep. 915, referred to as the authority for the decision in this case.

Section 24, Article III of the Constitution ordains that "The legislature shall establish a uniform system of county and municipal government, which shall be applicable, except in cases where local or special laws are provided by the legislature that may be inconsistent therewith."

Chapter 6924, Acts of 1915, is a general law affecting the powers of municipalities to impose license taxes, and *it does not expressly refer to or repeal any existing law.* Chapter 6087 is a local or special law applicable to the subject here involved; and by the mandate of the organic law, the general law is not applicable "where, local or special laws are provided by the legislature that may be *inconsistent* therewith."

Rehearing denied.