ANNIE STEPHENS, *Plaintiff in Error*, v. A. J. ANDERSON, AS CAPTAIN OF POLICE DEPARTMENT OF PENSACOLA, *Defendant in Error*.

Chapter 4513 Laws of 1895 which was an act to provide for the creation of the city of Pensacola, and which contains the following provision: "Section 11. The courts in this State shall take judicial cognizance of the ordinances of the city, and the printed copy officially published by the city may be read as evidence in any trial in which the same may be competent evidence without proof of the due passage and approval of said ordinance. Until the publication of the ordinance of the city, a certified copy from the Comptroller's Office of an ordinance may be read with the same effect as if it had been officially published," merely requires the courts of this State to accept a certain medium of proof of the existence of the city's ordinances and not to take judicial notice of the ultimate fact of the ordinances' existence.

Petition denied.

*John P. Stokes*, for Plaintiff in Error;

*Jno. B. Jones*, for Defendant in Error.

PER CURIAM—Counsel for the plaintiff in error petitioned the court for a rehearing in the above cause upon the ground that this court failed to take "judicial

cognizance" of the ordinance of the city under which the petitioner was arrested, tried, convicted and detained in custody. That this court "overlooked the provisions" of Section Eleven (11), Chapter 4513 Acts of 1895, Laws of Florida "as adopted and continued in force by the provisions of Section Twelve (12) Chapter 6746 Special Acts of 1913, Laws of Florida."

The learned counsel is in error. The provisions of the two statutes to which he referred were not "over-looked" by the court, notwithstanding the failure of counsel who sought to secure for his client the benefits of his interpretation of the provisions mentioned to exhibit the ordinance in the record.

The return of the officer to the writ of *habeas corpus* showed that the petitioner was held in his custody by virtue of an order for her commitment made by the recorder of the police court of the city in default of the payment of a *fine* imposed by the judgment and sentence of the said court wherein she was tried and convicted upon a certain affidavit and warrant, copies of which were attached to the return. These copies showed that she was convicted of violating "Section 373 City Code." The motion to quash the return contained two grounds each of which was directed against the "ordinance under which respondent seeks to detain" the petitioner.

Whether by this motion counsel sought to attack an ordinance that might have required the Captain of Police to detain one in custody who fails to pay a *fine* lawfully imposed for violating a city ordinance, or the commitment issued by the Recorder, or the ordinance under which the petitioner was arrested, tried and convicted is not clear from the language of the motion. Neither ordinance as stated in the former opinion was contained in the record. The brief is confined to an

attack upon the validity of the section of the city code under which the petitioner was arrested and convicted sentenced to pay a fine of four dollars.

Whether Section 373 of the City Code was a by-law or ordinance lawfully passed under· the former organization of the City, Chapter 4513 Laws of 1895, or under the present organization, Chapter 6746 Laws of 1913 does not appear from the record.   The Act of 1913, Chapter 6746 created for the City of Pensacola a Commission Form of Government and abolished the Aldermanic Form of Government provided for under Chapter 4513 Laws of 1895.   Under the former government the council had power to adopt ordinances, under the present form of government an ordinance is adopted in the following manner:   A proposition is submitted to the Commissioners by petition signed by a certain per cent of the voters, whereupon the Commissioners may within two weeks after the petition is filed pass the ordinance or call an election to decide whether the proposed ordinance shall be adopted or rejected, or if no action is taken by the Commissioners within two weeks the proposition becomes a "valid ordinance of said City."

Section 12 of Chapter 6746 Laws of 1913 provides that the City of Pensacola shall continue its exixstence as a body corporate and be subject to all the duties and obligations pertaining to or incumbent upon it as a municipal corporation and "shall continue to enjoy all the rights, powers and franchises now enjoyed by it, as well as those that may be hereafter granted it.   All laws governing such city and not in conflict or inconsistent with the provisions of this act shall apply to and govern said city after it shall become organized under the Commission Form of Government provided by this Act.   All by-laws, ordinances and resolutions lawfully passed and

in force in the City of Pensacola under its former organ-
ization shall remain in force until altered or repealed
according to the provisions of this Act." It is also pro-
vided that all "rights, powers and property of every
description which were vested in it shall vest in it
under the organization provided by the act."

Section 11 of Chapter 4513 Laws of 1895 contained
the following provision: "The courts in this State shall
take judicial cognizance of the ordinances of the city,
and the printed copy officially published by the city
may be read as evidence in any trial in which the same
may be competent evidence without proof of the due pas-
sage and approval of said ordinance. Until the publi-
cation of the ordinances of the city, a certified copy from
the Comptroller's Office of an ordinance may be read
with the same effect as if it had been officially pub-
lished."

Now in the petition for a rehearing the petitioner's
counsel says that the ground upon which this court
declined to "decide the merits of the controversy between
the contending parties" was not relied upon by either
party because "counsel were well aware" that Section
Eleven (11) of Chapter 4513 Acts of 1895 was adopted
and continued in force by the provisions of Section
Twelve (12) of Chapter 6746 Acts of 1913. By which
statement it appears that counsel contends, that this
court is required by law to know that Section 373 of
the City Code was adopted by the City Council under the
former government of the city without proof thereof by
a printed copy officially published and offered in evi-
dence. And that Section 12 of Chapter 6746 Laws of
1913 continued this burden upon the courts.

In other words it is counsel's contention that Chap-
ter 4513 Section Eleven intended to make of the city

ordinances something which need not be the subject of evidence, something already in the court's possession which it may deal with unhampered by any rules of law. With this contention we do not agree. We think the purpose of the act was to provide a means of making the court aware of the existence of the ordinance by reading in evidence the printed copy officially published The act simply sought to do away with proof of the passage of the ordinance by the duly authorized legislative body of the city and its approval by the proper authority. The act merely requires the courts in this State to take notice of the medium of proof of the existence of the city ordinances. It is the trustworthiness of a certain medium of proof as to the existence of the city ordinances that the statute requires the courts to notice, not the ultimate fact without proof that the ordinance exists. Otherwise why the provision that the "printed copy officially published may be read *as* evidence in any *trial* in which the same may be competent evidence *without proof* of the *due passage* and *approval* of said ordinance?"

It is clear that the statute deals only with an evidential fact. It does not require the courts to notice the fact itself, *viz*: the existence of the ordinance, which the "printed copy officially published by the city" authenticates. If the ordinance was required to be noticed without proof of its existence the courts could resort to whatever information they please, but the statute clearly limits the source of information to the printed copy officially published as read in evidence.

It is the generally accepted rule in the United States and has been so announced by this court many times as the rule in this State that ordinances and regulations of local boards and councils are not judicially noticed.

See 4 Wigmore on Evidence 3608. And a statute not perfectly clear in its language will not be construed, as intended to require the courts to take notice of municipal ordinances without proof of their existence.

The case of Sanders v. Howell, 73 Fla. 563, 74 South. Rep. 802, does not hold that the courts will notice the existence of the municipal ordinances of the City of Pensacola without proof of their existence. In that case Howell applied to the Court of Record for Escambia County for a writ of *habeas corpus* alleging in his petition that he was detained in custody upon a charge of having violated an ordinance by selling milk in the city without first paying to the city the license tax required by the ordinance imposing such tax upon persons engaged in selling milk in the city. The return of the City Marshal averred that he had arrested Howell and held him in custody for trial before the Police Court upon an affidavit and warrant copies of which were attached. The copy of the warrant attached alleged that Howell violated the ordinances of the city by engaging in the business and occupation of peddling, selling and delivering to customers milk and cream without first having paid the license required by the ordinance and in violation of an ordinance to regulate the production and sale and to perfect the purity of milk in the city.

The power of the city under Chapter 6087 Laws of Florida, 1909, to adopt valid ordinances such as were referred to in the warrant imposing a license tax upon persons engaged in the business of peddling, selling and delivering milk and cream in the city and to regulate the production and sale of such commodity, was not denied, but the question was whether Chapter 6924 of the Laws of Florida, 1915, repealed *pro tanto* Section 1 of Chapter 6087 Laws of 1909.

Chapter 6087 is a special act conferring upon the City of Pensacola the power to impose license taxes for municipal purposes upon any and all occupations and upon any and all privileges, etc. Chapter 6924 is a general act exempting from all forms of license tax, State, county and municipal, all farm and grove products and products manufactured therefrom, except intoxicating liquors, wines or beer. This court merely held that a valid local or special law relating to the powers and government of particular municipalities, although in conflict with the general statutory law, prevails, following the case of Ferguson v. McDonald, 66 Fla. 494, 63 South. Rep. 915. Therefore Chapter 6924 did not repeal Chapter 6087, and as the petitioner had not shown that he was unlawfully detained he was remanded to the custody of the officer.

The court did not have to take judicial notice of the city ordinance. So far as the record was concerned it was admitted that his detention was lawful if the general act of the legislature referred to did not repeal the special act. In the case at bar the petitioner complains that he is detained under an ordinance invalid for constitutional reasons and does not exhibit that ordinance to the court in the method prescribed by the statute.

Petition denied.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.