A. J. ANDERSON, CAPTAIN OF POLICE, OF CITY OF PENSA-COLA, *Plaintiff in Error*, v. GEORGE P. WENTWORTH, *Defendant in Error*.

### Opinion filed February 26, 1918.

Chapter 7275 Acts of 1917, An Act to license and regulate the running of motor driven vehicles on the public highways, became operative January 1st, 1918, and thereupon made it "unlawful for any county or municipality to collect any license or registration fee on any motor driven vehicle; provided, that all counties and municipalities may charge an additional license tax on all motor driven vehicles used for hire, which additional tax shall not exceed fifty per cent. of the State license tax."

Writ of error to Court of Record for Escambia County, C. M. Jones, Judge.

Judgment affirmed.

*John B. Jones,* for Plaintiff in Error.

*F. W. Marsh,* for Defendant in Error.

WHITFIELD, J.—On October 27th, 1917, George P. Wentworth presented to the Court of Record for Escam-

bia County a petition for a writ of habeas corpus alleging that he "is detained in custody and deprived of his liberty, in Escambia County, Florida, by A. J. Anderson, Captain of Police of the City of Pensacola, Florida, a municipal corporation chartered under the laws of the State of Florida, upon the charge that your petitioner has violated a pretended ordinance of the said City of Pensacola, in that since October 1st, A. D. 1917, in the said City of Pensacola, he has owned or kept in the city of Pensacola, for a period of thirty days and operated over the city streets, an automobile or motor vehicle having a seating capacity of five and not more than ten persons, without having first paid the City of Pensacola the license tax of ten dollars.

"2. That the said municipality of Pensacola has no right in law to impose upon him or require him to pay any license tax whatsoever for the privilege of owning or keeping in the city of Pensacola during said period an automobile or motor vehicle.

"3. That your petitioner therefore alleges that the said A. J. Anderson, as such Captain of police has deprived him of his liberty without authority of law, and contrary to the statutes of the State of Florida."

The writ was issued and the return thereto sets up that the petitioner is held "in custody for trial before the Police Court of the City of Pensacola upon the affidavit and warrant," charging that the petitioner "on the 26th day of October, 1917, in the State and County aforesaid, and within the corporate limits of the City of Pensacola, did violate the ordinances of said City to-wit: by then and there being a resident of said City and owning and keeping therein a certain automobile having seating capacity for five and not more than ten persons, did then and there on said day, and on numerous

and divers days prior thereto and subsequent to the first day of October, 1917, use and operate said automobile upon and over the streets of said City without having paid the tax levied and obtained the license required therefor by Section 289A. of the Ordinance of said City entitled: 'An Ordinance to amend Section 289 of the Ordinance imposing certain license taxes and to provide for the collection thereof,' as said ordinance was amended by the ordinance of said City passed September 26, 1917."

The amended ordinance contains the following provisions:

"Section 289A. Motorcycles, automobiles and motor vehicles, of whatever motive power, owned by residents of the City, or kept in the City for a period exceeding thirty days, and operated over the city streets, shall pay the following license taxes. * * *

"Having seating capacity of five and not more than ten persons, Ten Dollars, ($10.00). * * *

"In event the imposition of any tax specified in any foregoing paragraph of this section shall be declared unlawful under the provisions of Chapter 7275 Laws of Florida, the amount thereof that shall have been paid the City Treasurer shall be refunded to the person paying same upon the surrender of the license issued.

"And in such event, in lieu of the tax so declared to be unlawful twenty-five per cent. of the amount of such tax as above specified shall be, and is hereby, imposed on such vehicles for and during the period dating October 1, 1917, to January 1, 1918. * * *

"Section 3. That this Ordinance shall take effect the first day of October, 1917.

"Passed September 26, 1917."

On motion the court quashed the return and dis-

charged the petitioner. A writ of error was allowed and taken under the statute by the Captain of Police.

Chapter 7275, Acts of 1917, entitled "AN ACT to License and Regulate the Running of Motor Vehicles on the Public Highways, and to Provide for the Regulation thereof," etc·, contains the following provisions:

"Sec. 2. Every owner of a motor vehicle which shall be operated or driven upon the highways of this State shall, for each motor vehicle owned, caused to be filed, by mail or otherwise, in the office of the Comptroller of the State of Florida, a verified application for registration, on a blank to be furnished by the Comptroller for that purpose, containing: (a) a brief description of the motor vehicle to be registered, including the name of the manufacturer, the style, type and factory number of each vehicle, the character of motor power and the amount of such motor power stated in figures of horse power, according to the standard of the American Licensed Automobile Manufacturers' Association; (b) the name, age, residence and business address of the owner of such motor vehicle; (c) the name of the county in which he resides, and a statement that he is over sixteen years of age; Provided: That if such motor vehicle is a motor truck the application shall so certify and state in the application the factory rated useful load capacity thereof as stated in pounds.

"Sec. 3. Upon the receipt of an application for the registration of a motor vehicle or vehicles, as herein provided for, the Comptroller shall file such application in his office and register such motor vehicle or vehicles, with the name, residence and business address of the owner, manufacturer or dealer, as the case may be, together with the facts stated in such application, in a book or index to be kept for the purpose, under the distinctive number

assigned to such motor vehicle by the Comptroller, which book or index shall be open to the inspection of the public during business hours.

"Sec. 4. Upon the filing of such application and the payment of the fee herein provided for, the Comptroller shall assign to such motor vehicle a distinctive number and without expense to the applicant, issue and deliver to the owner a certificate of registration and two number plates, of the form and size herein provided for. In the event of the loss, mutilation or destruction of a certificate of registration or of a number plate, the owner of a registered motor vehicle may obtain from the Comptroller a dpplicate thereof upon filing in the office of the Comptroller an affidavit showing the fact and the payment of a fee of one dollar for each duplicate.

"Sec. 5. Such registration shall be renewed annually and in the same manner and upon the payment of the same fee as provided for in the original registration, such renewal to take effect on the first day of January of each year.

"Sec. 6. The following fee shall be paid to the Comptroller upon the registration or re-registration of motor vehicles in accordance with the provisions of this Act.

## PASSENGER VEHICLES.

Series A—Motorcycles ........................$  2.00
Series B—For any automobile and other motor
  driven vehicle with a seating capacity of one
  and not more than five persons ...........  5.00
Series C—Automobiles of more than 25 h. p. and
  not more than 40 h. p. ...................  12.00
Series D—Automobiles of more than 40 h. p. and
  not more than 60 h. p. ...................  15.00
Series E—Automobiles of more than 60 h. p. ......  30.00

Any type of automobile seating ten or more pas-
   sengers ........................ ............ ......... 100.00

"Motor vehicles having been licensed by any other
State of the United States shall be subject to the pro-
vions of this Act after such motor vehicle has been in
the State for a period of thirty days.

### MOTOR TRUCKS.

(For hauling any load other than passengers.)

Series W—Trucks of not more than one ton .....$ 10.00
Series X—Trucks of more than one ton and not
   more than two tons ...................... 25.00
Series Y—Trucks of more than two tons and not
   more than four tons ...................... 35.00
Series Z—Trucks of more than four tons ......... 100.00

"This shall not apply to motor trucks operated by
county commissioners on county roads for constructing
or repairing roads, and owned by the county or road dis-
tricts and used by them exclusively in such work.

"No license fee shall be required for a single trailer of
not more than five hundred (500) pounds capacity. When
more than one trailer of not more than five hundred (500)
pounds capacity is attached to a single motor vehicle, or
when one or more trailers of more than five hundred
(500) pounds capacity are so operated, the same license
fee shall be paid on each and every trailer so operated as
is herein required for a motor vehicle of the same capacity·

"Sec. 7. Where application is made to the Comptroller
for the registration of any motor vehicle or trailer be-
tween the dates January first and June 30th, the fee
charged for such registration shall be one-half of the
amount set forth in Section 6 of this Act.

"Sec. 8. The registration fee imposed by this Act shall
be in lieu of any county or municipal license fee, and it

shall be unlawful for any county or municipality to collect any license or registration fee on any motor driven vehicle; provided, that all counties and municipalities may charge an additional license tax on all motor driven vehicles used for hire, which additional tax shall not exceed fifty per cent. of the State license tax.

"Sec. 28. The provisions of this Act shall become operative on the first day of January, 1918; provided that the tax collectors of the various counties of this State are hereby authorized and instructed to collect, in the usual manner, on the first day of October, 1917, twenty-five per cent. of the present annual automobile license, as provided by law, for the term of three months beginning October 1st, and ending December 31st, but no additional license tax (tag) shall be issued for that period.

"Sec. 29. All Acts or parts of Acts in conflict herewith or contrary hereto are hereby expressly repealed.

"Approved May 28th, 1917."

This statute not only covers the entire subject of licensing and regulating the running of motor vehicles on the public highways of the State, but it expressly provides by Section 8 that "the registration fee imposed by this Act shall be in lieu of any county or municipal license fee, and it shall be unlawful for any county or municipality to collect any license or registration fee on any motor driven vehicle; provided, that all counties and municipalities may charge an additional license tax on all motor driven vehicles used for hire, which additional tax shall not exceed fifty per cent of the State license tax," and also expressly provides by section 29 that "All Acts or parts of Acts in conflict herewith or contrary hereto are expressly repealed." As by section 28 the provisions of the Act became "operative on the first day of January 1918," the Act on that day superseded all other laws on

the subject whether special or local and there were then left no applicable special or local laws inconsistent therewith within the meaning of section 24 Article III of the constitution. After January 1, 1918, when Chapter 7275 became operative, the city is authorized to impose a license tax on all motor driven vehicles used for hire, not to exceed fifty per cent. of the State license tax.

In Sanders v. Howell, 73 Fla. 563, 74 South. Rep. 802, there was no express repeal of inconsistent laws, and the subsequent general law did not make "unlawful" licenses imposed by a municipality.

Assuming that the city had authority to adopt and to enforce the ordinance by fine or imprisonment until Chapter 7275 *became operative* January 1, 1918, yet Chapter 7275 having *become a law* prior to the adoption of the ordinance, it superseded the prior authority upon *taking effect* January 1, 1918; and, in attempting to pass an ordinance to cover a period after Chapter 7275 became *effective,* the city exceeded its power. While the city could enforce an ordinance regulating the licensing of motor vehicles within its limits prior to January 1, 1918, the ordinance under which the warrant was issued apparently requires a license covering a period subsequent to January 1, 1918, and being unauthorized the arrest and detention thereunder were illegal, and the petitioner was properly discharged.

Judgment affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.