The State of Florida ex rel., J. Herron D'Alemberte, Dudley R. Saunders and William L. Moyer, Plaintiffs in Error, v. Frank D. Sanders, Frank R. Pou, and George H. Heinrichs, Constituting the Board of Commissioners of the City of Pensacola, Defendants in Error.

Opinion Filed May 26, 1920. .

Petition for rehearing denied June 30, 1920.

1. Where a special or local law and a later general law relating to the powers of a municipality are merely inconsistent in their respective provisions, and the general law does not in some express terms repeal or supersede the local law, the latter will prevail within its proper sphere of operation unless an intent to repeal or supersede the local law clearly appears in the general law.

2. Chapter 6940, Acts of 1915, a general law "authorizing cities and towns to amend their charters and to adopt charters for their government," does not repeal stated provisions of Chapter 6746, Acts of 1913, a special or local law, relating to the municipal powers of the city of Pensacola.

A Writ of Error to the Circuit Court for Escambia County; A. G. Campbell, Judge.

Reversed.

*E. C. Maxwell* and *Sullivan & Sullivan,* for Plaintiffs in Error;

*John B. Jones* and *John S. Beard,* for Defendants in Error.

WHITFIELD, J.—The Circuit Judge issued an alternative writ of mandamus commanding the City Board of Commissioners to call a special election of the qualified voters of the City of Pensacola, at which the following proposition shall be submitted: "Shall the City of Pensacola abandon its organization under the provisions of law providing a commission form of government and assume its former aldermanic form of government;" and to take all necessary steps for the holding of an election in accordance with law, or to show cause for not doing so. A demurrer to the alternative writ was sustained and the writ was dismissed. The relators took writ of error.

The Constitution contains the following sections:

"Section 24. The legislature shall establish a uniform system of county and municipal government which shall be applicable, except in cases where local or special laws are provided by the legislature that may be inconsistent therewith.

"Section 8. The legislature shall have power to establish and abolish municipalities, to provide for their government, to prescribe their jurisdiction and powers,

and to alter or amend the same at any time. When any municipality shall be abolished, provision shall be made for the protection of its creditors." Sec. 24, Art. II and Sec. 8, Art. VIII Const.

Chapter 6746, Acts of 1913, provided for a commission form of government for the City of Pensacola and for the election of three commissioners who should in effect govern the municipality. Sections 38 and 40 of the Act are as follows:

"Section 38. The Commissioners are hereby empowered to submit amendments to this charter, for the approval of the electors of said city at any election to be held not more than six, nor less than three, months preceding the day for the convening of any session of the legislature, and shall submit to the electors for their approval any amendment recommended by the petition of twenty per cent. of the qualified voters of the city, prepared and verified as provided in Section 18. Each amendment proposed shall be submitted separately to a vote of the electors, and all amendments so approved by the electors shall be transmitted by the Commissioners to the Secretary of State for record in his office, and who shall furnish a certified copy thereof to the Governor, who, at the same time of presenting his biennial message, shall transmit said amendments to the legislature for adoption by it.

"Sec. 40. After the city has operated for more than six years under the provisions of this act it may abandon such organization hereunder and resume its former government by proceeding as follows: Upon the petition of a number of qualified voters within said city equal to, or exceeding, twenty per cent of the qualified voters at

the last general city election, a special election shall be called by the board of commissioners at which the following proposition shall be submitted:

'Shall the City of Pensacola abandon its organization under the provisions of law providing a commission form of government, and assume its former aldermanic form of government?........................................., If the majrity of votes cast at such election be in favor of such proposition at the next regular municipal election thereafter there shall be elected all municipal officers as required by laws existing at he time of the passage of this act. Upon the election and qualification of such officers the city shall become a city of non-commission charter under its former charter, and general and special laws applicable thereto, but such change shall not in any manner or degree affect the property rights or liabilities of such city, or any of its powers expressed or implied, but shall merely extend to such changes in the form of government. The sufficiency of such petition shall be determined, the election ordered and the results thereof declared in the manner provided for other elections in this act and the general laws of the State of Florida, and ordinances of said city. When an election is held under the provisions of this section, no other may be called for the same or similar purpose for at least two years next thereafter. Nothing in this section shall be construed to limit or abridge the power and rights granted by section 38 hereof."

Chapter 6940, Acts of 1915, is a general law "authorizing cities and towns to amend their charters and to adopt charters for their government." Among other provisions of this act are the following:

"Section 1. Every city and town in the State of Florida, whether incorporated by a special act or under the general laws of the State relating to cities and towns, shall have the power, in the manner herein prescribed, to alter or change the numbers, powers, duties, compensation, terms of office, and the time and manner of election or appointment of any and all officers and boards, whether created by or recognized in State legislation or ordinances, to abolish any or all offices and boards whether created by or recognized in State legislation or ordinances, and to create such office and boards as may be deemed proper for the government of such city or town, and to provide the manner of their election or appointment, and to otherwise determine the manner in which its corporate powers shall be exercised, by amending its charter, or adopting a new charter, consistent with the Constitution and the general laws of the State; or whenever a city or town has, by special laws, greater or more extensive powers than those conferred on cities and towns by the general laws of the State; then and in that case, consistent with such special laws giving such city or town special powers and in other respects consistent with the Constitution and general laws of the State; Provided, however, that this Act shall not be so construed as to authorize any city or town to enlarge its corporate powers beyond the limitations prescribed by law, except that it may extend its territorial boundaries as provided by law." Chap. 6940, Acts 1915.

"Sec. 2. A charter or amendments to the charter of any city or town may be proposed only by a charter board, consisting of the number of members hereinafter designated, who shall be elected by the qualified voters of each city or town not oftener than once in every two years, at a time to be designated by resolution of

the council or legislative department of such city or town, or at a time to be so designated on petition of twenty per cent of the qualified voters of such city or town; Provided, that if said resolution is adopted not more than ninety days and not less than forty days before any general city or town election, then the members of said board shall be elected at such general election." Chap 6940, Acts 1915.

"Sec. 3. Charter Boards shall be composed of the following number of members: In cities and towns having a population of five thousand or less, five members; in cities having a population of more than five thousand and not more than twenty thousand, nine members; and in cities having a population of more than twenty thousand, fifteen members; the population in each instance to be determined by the Federal or State census, as the case may be, next preceding the election of said board. The members of said board must be resident qualified voters of the city or town for which they are elected." Chap. 6940, Acts of 1915.

"Sec. 4. Whenever the council or legislative department of any city or town deems it for the best interests of its citizens, that a change be made in the form of the municipal government, it may adopt a resolution, by a majority vote of all its members, calling an election to be held on a day to be specified in said resolution, not less than forty days nor more than ninety days thereafter, for the purpose of electing a charter board by the qualified electors of such city or town; Provided, however, that whenever any such election has been held, no other resolution for that purpose shall be adopted earlier than ninety days prior to the expiration of two

years after the holding of such election." Chap. 6940, Acts of 1915.

"Sec. 9. Said board, as soon as organized, shall consider a new charter or amendments to the charter, and shall draft such charter or amendments to the charter as they may deem proper, which draft shall be signed and adopted by a majority of all the members of said board, and their work shall be concluded within ninety days after their election. No resolution adopted or petition filed under the provisions of this Act shall be construed as a limitation on the powers of said board in any manner other than as provided in this Act. The expenses of said board shall be paid by the city or town when the same shall be certified by the chairman and secretary of said board to the proper officials of such city or town." Chap. 6940, Acts 1915.

"Sec. 10. The charter or charter amendments proposed by said board, shall be submitted to the qualified voters of the city or town at a general or special election at a time to be designated by said board, which shall be within sixty days after their final adjournment. Said board shall prescribe in the proposed charter or charter amendments the form of ballot to be used at such election, which shall be, as nearly as practicable, the same as required in other elections; and said board shall submit said proposed charter or charter amendments as a whole, and the subject-matter of the proposed charter or charter amendment, shall be briefly stated on the ballot, so that each voter shall have the opportunity of voting for or against the approval of the same." Chap. 6940, Acts of 1915.

"Sec. 12. Said charter board shall appoint three of their number who shall act as a board of election com-

missioners for the purpose of holding said charter election and canvassing the returns and certifying the results thereof, and they shall have all the powers and perform all the duties pertaining to such election as the council or legislative department or other city or town officers have and perform in the holding of general city or town elections. Said charter elections shall be held, as nearly as may be, in the same manner as other city or town elections, and the expenses thereof shall be paid by the city or town.

"If, at said election, a majority of the qualified voters voting thereat shall ratify the proposed charter or charter amendments, it or they at the end of ninety days thereafter, unless a different time be therein provided, become the charter or part of the charter so amended, as the case may be." Chap. 6940, Acts of 1915.

"Sec. 16. All laws and parts of law in conflict with this Act are hereby repealed." Chap. 6940, Acts 1915.

Section 24 of Article III does not forbid an express repeal of a local law relating to the powers of a municipality by a general law on that subject. But a general law that is merely inconsistent with a special law conferring municipal powers, may not repeal the latter. And while implied repeals of such a local law by a similar general law may not be permissible under Section 24, Article III, yet an express repeal of a local municipal statute by a general municipal statute covering the same subject, may be made in any terms that clearly indicate such an intent.

In other words, if a special or local law and a late general law relating to the powers of a municipality are merely inconsistent in their respective provisions,

and the general law does not in some express terms repeal or supersede the local law, the latter will prevail within its proper sphere of operation, unles an intent to repeal or supersede the local law clearly appears in the general law.

In Anderson v. Wentworth, 75 Fla. 300, 78 South. Rep. 265, the subsequent general law contained express language that repealed or superseded the prior special or local law that was in conflict therewith.

In Sanders v. Howell, 73 Fla. 563, 74 South. Rep. 802, the general law did not by any language used therein repeal or supersede the particular local or special law that was inconsistent therewith. See Ferguson v. McDonald, 66 Fla. 494, 63 South. Rep. 915; City of Tampa v. Prince, 63 Fla. 387, 58 South. Rep. 542.

The general law, Chapter 6940, Acts of 1915, relates only to the powers of municipalities to amend their own charters and to adopt charters as they may desire. The general law is expressly made applicable to all municipalities in the State whether incorporated by special or local laws or under the general law for incorporating municipalities; and the general law expressly repeals all conflicting laws. Therefore, in so far as the previously enacted local or special laws relate to the power of then existing municipalities to *amend their charters,* in any lawful way desired by them respectively, such local or special laws appear to have been expressly repealed or superseded by Chapter 6940, Acts of 1915.

When Chapter 6746, Acts of 1913, was enacted, it in effect superseded the operation of the former charter acts of the City of Pensacola. Such superseded charter acts were by Section 40, Chapter 6746, Acts of 1913, put in

abeyance and made subject to be again called into operation by an election under Section 40, Chapter 6746, Acts of 1913, upon which contingency Chapter 6746, Acts of 1913, would itself be superseded. Section 40 of Chapter 6746, Acts of 1913, under which the election here desired is authorized does not relate to amendments to the charter acts or to the adoption of a new charter proposed by the municipal authorities, and therefore was not repealed or superseded by Chapter 6940, Acts of 1915. The election here sought to be called under Section 40, Chapter 6746, Acts of 1913, is not to amend the charter of the City of Pensacola, but to again put into operation the particular charter powers that had heretofore been in force, but were superseded by Chapter 6746.

Under Section 8, Article VIII of the Constitution, above quoted, the legislature had full power to give to the City of Pensacola, as it did by Chapter 6746, Acts of 1913, authority to pass from a commission form of government to an aldermanic form of government by the mere holding of an election for that purpose as provided in the Act itself. The city charter needs no amendment to accomplish this change of the form of government and no amendment of the charter is designed to be accomplished by the election sought to be called. The election will not change the charter, it merely operates to enable the city to "resume its former government" that is provided for by statutes that were only superseded and not repealed by Chapter 6746, Acts of 1913. Chapter 6940, Acts of 1915, relates to amendments to charters by the municipalities themselves in any lawful way they may desire, while Section 40 of Chapter 6746, authorizes the city to "resume its former government" that is already provided by statutes. There is no provision in

Chapter 6940, that expressly repeals or supersedes Section 40 of Chapter 6746, and the general repealing clause of Chapter 6940, does not repeal Section 40 of Chapter 6746, as such Section does not operate to amend the charter of the City of Pensacola, or to adopt a new charter for the city, and, therefore, is not in conflict with Chapter 6940. If Chapter 6746 is merely inconsistent with and is not repealed or superceded by Chapter 6940, the former and not the latter controls. Sec. 24, Art. III, Const.

The language of Chapter 6940 must be considered with reference to and confined within the meaning of the language used in the title of the Act, for the body of the Act can legally be no broader than its title. *Ex parte* Knight, 52 Fla. 144, 41 South. Rep. 786; Carr. v. Thomas, 18 Fla. 736; Wade v. Atlantic Lumber Co., 51 Fla. 628, 41 South. Rep. 72.

An election cannot be called or held under Section 40, Chapter 6746, to amend the present charter or to adopt a new charter for the City of Pensacola. The proposition to be determined by such an election is whether the City of Pensacola will abandon its organization under Chapter 6746, and assume its former aldermanic form of government as authorized by Section 40 of Chapter 6746. This is not an amendment of the charter of the city nor is it the adoption of a charter for the city. It is the exercise of a special authority expressly and definitely confered by Section 40 of Chapter 6746, which Section is not repealed or superseded by Chapter 6940, Acts of 1915, whatever may be the effect of Chapter 6940 upon Section 38 of Chapter 6746.

Reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.