R. L. ANDERSON, JR., *Appellant,* v. CITY OF OCALA, *et al.,*
*Appellees.*

Opinion Filed March 17, 1924.

Petition for Rehearing denied April 9, 1924.

1. Where the chancellor denies an injunction to prevent the
issuing or selling of municipal bonds sought on the ground
that the bonds had not been legally authorized, and on appeal
an injunction is asked in this court under the provision of
Section 5, Article V of the Constitution, that the Supreme
Court shall have power to issue "all writs necessary or proper
to the complete exercise of its jurisdiction," and the case is
fully submitted on its merits, questions of law only being in-
volved, this court may, in view of the public interests directly
involved, determine the merits of the appeal, even though the
return day has not yet arrived. Jacksonville Electric Light
Co. v. City of Jacksonville, 36 Fla. 229, text 262, 18 South.
Rep. 677; Antuono v. City of Tampa, filed February 4, 1924.

2. Chapter 9294, Acts of 1924, a general law, which became ef-
fective June 7, 1923, provides that, "it shall be unlawful for
any person to vote or participate in any county, district or
other bond election held in this State, who is not a freeholder
therein and who is not otherwise qualified as a voter therein,"
and repeals all conflicting laws or parts of laws. Such pro-
vision is applicable to municipal bond elections and should
have been applied to a bond election held in the city of Ocala
on July 17, 1923.

.An Appeal from the Circuit Court for Marion County;.
W. S. Bullock, Judge.

Decree reversed.

*R. L. Anderson, Jr.,* for Appellant;

*D. Niel Ferguson,* for Appellees.

WHITFIELD, J.—A bill was brought by a citizen, free-holder, taxpayer and qualified elector of the City of Ocala to enjoin the issuing, selling or other disposition of municipal bonds that had been voted for at an election called by ordinances adopted June 5, 1923, the election being held on July 17, 1923, which election was participated in by "only the duly qualified and registered voters of the City of Ocala who were assessed with $200 of property, real or personal, upon the tax books of said City" as provided by a city ordinance authorized by the city charter. Subsequent to the call of the election and before the election was held the following statute was enacted and became effective as law:

"Chapter 9294—(No. 176).

"AN ACT to Prescribe who shall be Qualified Electors in Certain Bond Elections in this State.

*Be It Enacted by the Legislature of the State of Florida:*

"Section 1. That from and after the passage of this Act it shall be unlawful for any person to vote or participate in any county, district or other bond election held in this State, who is not a freeholder therein and who is not otherwise qualified as a voter therein.

"Section 2. All laws and parts of laws in conflict herewith are hereby repealed.

"Section 3. This Act shall take effect on its passage and becoming a law.

"Approved June 7, 1923."

It is alleged "that in the said bond election of July 17th, 1923, that there were a sufficient number of said electors permitted to vote in said election who were not

freeholders under the provisions of said Act above quoted to have changed the result of said election, and to have determined not to authorize the issuance of said bonds.''

The chancellor denied the injunction and dismissed the bill. An appeal having been taken from the decree an application is made to this Court for an injunction under the provision of Section 5, Article V of the Constitution, that the Supreme Court shall have power to issue ''all writs necessary or proper to the complete exercise of its jurisdiction.'' Cohen v. L'Engle, 24 Fla. 542, 5 South. Rep. 235; Wheeler v. Meggs, 75 Fla. 687, 78 South. Rep. 685.

The case having been fully briefed and submitted on its merits and only questions of law being involved, the court will, in view of the public interests directly concerned, determine the merits of the appeal even though the return day has not yet arrived. This has been done under similar circumstances in other cases, the court having jurisdiction of the cause and of the parties therein, upon the entry and record of an appropriate appeal. Jacksonville Electric Light Co. v. City of Jacksonville, 36 Fla. 229, text 262, 18 South. Rep. 677; State v. Commissioners of Volusia County, 28 Fla. 793, 10 South. Rep. 14; Warren v. Board of Public Instruction for Hillsborough County, 86 Fla. 254, 97 South. Rep. 384; Antuono v. City of Tampa, filed February 4, 1924. See also Crawford v. Gilchrist, 64 Fla. 41, 59 South. Rep. 963; Astca Inv. Co. v. Lake County, 86 Fla. 639, 98 So. 824; 52 Fla. 563.

Chapter 9294, Acts of 1923, above quoted as ''expressly provided in such law,'' took effect upon ''becoming a law,'' and it became a law when approved by the Governor June 7, 1923. Secs. 18 and 28, Art. III, Const.; Parker v. Evening News Pub. Co., 54 Fla. 482, 44 South. Rep. 718. By its terms the statute from its effective date, June

7, 1923, makes it "unlawful for any person to vote or participate in any county, district, or other bond election held in this State, who is not a freeholder therein and who is not otherwise qualified as a voter therein," and *all* conflicting laws are repealed by the Act. See Anderson v. Wentworth, 75 Fla. 300, 78 South. Rep. 265. This makes the statute applicable to *all bond elections* held in this State, even though municipal bond elections were not specifically mentioned; and having become the controlling law on June 7, 1923, the statute was applicable to the municipal bond election held in the City of Ocala on July 17, 1923.

As the election authorizing the bond issue was not participated in by only those mandatorily designated by the statute as the electors in such election, the bond issue is not legally authorized and the injunction should have been granted. The decree denying the injunction and dismissing the bill is reversed and the cause remanded for appropriate proceedings.

It is so ordered.

TAYLOR, C. J., AND ELLIS, BROWNE AND TERRELL, J. J., concur.

WEST, J., dissents.

WEST, J.—Dissenting.

The Legislature did not, in my opinion, intend by Chapter 9294, a general law, to repeal or amend charter provisions, which are special or local laws, inconsistent with it, of all the cities and towns of this State by which qualifications of electors in bonding elections in such munici-

palities may be prescribed. Nor do established rules of statutory construction recognized in this jurisdiction require a holding to that effect. State *ex rel.* v. Sanders, 79 Fla. 835, 85 South. Rep. 333; Sanders v. Howell, 73 Fla. 563, 74 South. Rep. 802; Stewart v. DeLand-Lake Helen S. R. &. B. Dist., 71 Fla. 158, 71 South. Rep. 42.