STATE, *ex rel.* A. C. MULDON, v. W. J. McCARTHY, Chief of Police, City of Miami.

168 So. 700.

Division B.

Opinion Filed February 12, 1936.

*Rasco & Moore,* for Plaintiff in Error.

*J. W. Watson, Jr.,* and *Wm. W. Charles,* for Defendant in Error.

BUFORD, J.—The writ of error in this case brings for view judgment in habeas corpus proceedings remanding the petitioner to custody of the Chief of Police of Miami, Florida.

Several questions are presented in brief, but the only question necessary for us to determine is whether or not the City of Miami had lawful authority after the enactment of Chapter 16774, Acts of 1935, which became effective by benig approved by the Governor on the 27th day of May, 1935, to pass an ordinance providing that licenses to sell intoxicating liquors in the City of Miami should run from July 1st of each year to June 30th of the following year.

This is true because it is charged that the petitionr "on the second day of July, A. D. 1935, at and in the City of

Miami aforesaid did then and there unlawfully engage in the business of retail liquor dealer without having first paid the occupational license tax, in violation of Section' 6, Ordinance No. 1288."

Ordinance 1288 of the City of Miami was adopted on June 26th,' 1935. Sections 2, 3, 6 and 7 of this ordinance are as follows:

"Section 2. That from and after the date when this ordinance becomes effective and each year thereafter no person shall engage in, manage, operate or cause to be operated the business of vendor, retail or wholesale, without first procuring a city license therefor as herein provided, and pay the amounts hereinafter fixed and required by this ordinance; and always before engaging in the above business, register in a book or file to be kept in the Department of Finance of the City of Miami for that purpose the name, occupation and place of business, together with the name of the officers or members of the firm or individuals engaged in such business; and the applicant for such license shall give the names of five business or professional. men as reference, who may be called upon by the City of Miami, should it deem same advisable for information as to the character, business integrity and past history of the person, firm or corporation applying for a license under the terms and conditions of this ordinance.

"Section 3. Licenses shall expire on the 30th day of June of each year. No license shall be obtained for more than one year and no license shall be prorated."

"Section 6. No person, firm or corporation shall engage in or manage, carry on or conduct the business of retail or wholesale vendor, or distiller or rectifier, or winery, without first obtaining a separate license for each location

in the City of Miami; the amount of such license is hereby fixed as follows:

```
"Winery ........................................................................$ 25.00
 Distiller ..................................................................... 375.00
 Rectifier ..................................................................... 625.00
```

"In those cases where a Distiller and a Rectifier are combined, or are operated in conjunction with each other in the same location, the same may be carried on under a rectifier's license in the sum of.................. 625.00

"Wholesale vendor selling liquor, wine or beer, regardless of alcoholic content............................................. 625.00

"Wholesale vendor selling beverages containing alcohol of more than 1% by weight, and not more than 14% by weight, and wine, regardless of alcoholic content...................................................................... 100.00

"Retail vendors selling beverages, consumed on the premises regardless of alcoholic content...................... 375.00

"Retail vendors selling beverages regardless of alcoholic content, where the beverages are sold only in sealed container for consumption off the premises.... 281.25

"Clubs, as defined herein............................................ 62.50

"Retail vendors selling beverages containing alcohol of more than 1% by weight, and not more than 14% by weight, and wines, regardless of alcoholic content ............................................................................. 7.50

"Section 7. No retail vendor's license shall be issued to any person who is not a bona fide resident of Dade County, Florida."

Section 5 of Chapter 16774, *supra,* provides in part as follows:

"On and after October 1, 1935, the following license taxes shall be assessed and collected. Each vendor shall pay an annual state license tax as follows:

"I.  Vendors who may sell only beverages containing alcohol of more than 1 per cent by weight and not more than 3.2 per cent by weight, in counties where the sale of intoxicating liquors, wines and beers is prohibited.............................................................$ 15.00

"II.  Vendors who may sell only beverages containing alcohol of more than 1 per cent. by weight and not more than 14 per cent. by weight, and wines regardless of alcoholic content, in counties where the sale of intoxicating liquors, wines and beers is prohibited..........................................................................$ 15.00

"The following license taxes shall apply to vendors who sell in counties where the sale of intoxicating liquors, wines and beers is permitted and who are permitted to sell any such beverages regardless of alcoholic content:"

Then follows the provision for the amount required to be paid by vendors in different classes. The section then provides:

"No license issued under the provisions of this Act shall be transferable. Except as herein otherwise provided, no licenses shall be issued except annual licenses, which shall be paid for on or before the first of October and shall expire the first of the succeeding October, provided that any person beginning business after the first of October may obtain a license upon the payment of the annual license tax, and such license shall expire on the first of the succeeding October; provided, further, that any person beginning such business on or after the first of April of any

year may procure a license expiring the first of October of the same year on the payment of one half the license tax herein required for the annual license; provided further that vendors may at any time obtain licenses for periods of six months from the date of the license upon payment of two-thirds of the annual license tax herein required. In addition to the State license tax herein required, there shall be paid by each licensee a county license tax equal to the State license tax."

Section 7 of the Act is as follows:

"Each incorporated city or town in the State is hereby authorized to levy and collect a license tax on each manufacturer, distributor, vendor and club having a place of business or club house, or club rooms within the corporate limits of such city or town not to exceed 50 per cent. of the county license tax herein provided, but if such city or town provides and collects such license tax the manufacturer, distributor, vendor or club paying such license tax shall be entitled to a reduction in his county license tax of the amount so paid for such city or town license tax, upon exhibiting to the County Tax Collector a receipt for the payment of such city or town license tax. Such city or town license shall not apply to state and county licensees who shall have paid their state and county license tax before the ordinance providing for such city or town license tax shall have become effective.

No tax on the manufacture, distribution, transportation, importation or sale of such beverages shall be imposed by way of license, excise or otherwise, by any municipality, anything in any municipal charter, special or general law to the contrary notwithstanding, except as herein expressly authorized."

So it is, we see, that the legislative Act, Chapter 16774,

which was in full force and effect at the time that ordinance No. 1288 was adopted by the City of Miami, in terms provides, "No license shall be issued except annual licenses which shall be paid for on or before the first day of October and shall expire the first of the succeeding October, provided that any person beginning business after the first of October may obtain a license upon the payment of the annual license tax and such license shall expire on the first day of the succeding October; provided, further, that any person beginning such business on or after the first of April of any year may procure a license expiring on the first of October of the same year and the payment of one-half the license tax herein required for the annual license."

It will further be observed that the Act fixes the amount to be paid for municipal license and that the Act in terms provides, "No tax on the manufacture, distribution, transportation or sale of such beverages shall be imposed by way of license, excise or otherwise, by any municipality, anything in any municipal charter, special or general law to the contrary notwithstanding, except as herein expressly authorized."

The provisions of ordinance No. 1288, *supra,* above set forth are clearly contrary to the provisions of Chapter 16,774, *supra,* as above pointed out.

It is contended by the defendant in error that the provisions of the city charter, being Chapter 10847, Special Laws of 1925, take precedence over the provisions of Chapter 16774, and that under the charter Act the City of Miami had authority to enact the ordinance with the violation of which the plaintiff in error is charged and he cites in support of this contention, Sanders, City Marshal, v. Howell, 173 Fla. 563, 74 Sou. 802; Fergerson v. McDonald, 66

Fla. 494, 63 Sou. 915; and Hardee v. Brown, 56 Fla. 377, 47 Sou. 834.

The rule contended for, that where there are valid local or special laws relating to the powers and government of particular municipalities that are in conflict with the general statutory law, such local or special laws prevail, is not applicable where the general law in terms nullifies the provisions of the local or special law. Nor is it applicable where the two Acts are so repugnant and irreconcilable as to indicate a legislative intent that the one should repeal or modify the other. See Sanders as Marshal v. Howell, *supra;* Anderson v. Wentworth, 75 Fla. 300, 78 Sou. 265; State, *ex rel.* D'Alemberte, *et al.,* v. Sanders, 79 Fla. 835, 85 Sou. 333.

For the reasons stated, we must hold that the ordinance under which the municipality attempts to exact the license from the plaintiff in error is invalid and, therefore, the city cannot rely on that ordinance. The legislative Act, Chapter 16774, however, authorizes the municipality to collect a license tax equal to 50 per cent. of the county license tax and it further provides that any person beginning business after the first day of October may obtain a license upon the payment of the annual license tax and such license shall expire on the first of the succeeding October. The record here shows that petitioner, plaintiff in error here, was granted a license by the City of Miami on the first day of December, 1934, which was prior to the enactment of Chapter 16774, and that the permit under that license expired July 1st, 1935. At the time the ordinance was enacted under which that license was required and at the time that license was issued there was no prevailing statutory enactment prohibitory thereof. Neither is there anything in Chapter 16774 which extends the permit under that

license to October 1, 1935. The city has made no provision for the collection of a license for the period between July 1st, 1935, and October 1st, 1935. Therefore, there appears to be no provision of ordinance under which the plaintiff in error may be prosecuted by the municipality for the non-payment of a license permitting him to engage in the business involved during that period. This is not to hold that the municipality may not require the payment of license *pro tanto* for the period between July 1st and October 1st.

It follows, therefore, that the judgment must be reversed with directions that the plaintiff in error be discharged from custody.

So ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.