Ex PARTE R. M. DAVIDSON.

Opinion Filed August 13, 1918.

1. *Habeas corpus* is appropriate as a remedy to secure release where a person is held in custody on a warrant of arrest when the charge has no basis in a valid law or ordinance, or wholly fails to state an offense under the law, or the Court is without jurisdiction of the matter.

2  A warrant of arrest issued by a municipality should definitely charge a violation of a valid ordinance.

3. Where there are valid, local or special laws relating to the powers and government of particular municipalities that are in conflict with the General Statutory Law, such local or special laws prevail.

4. If reasonable doubt exists as to particular power of a municipality it should be reserved against the City.

5. A general clause conferring power upon a municipality can give no authority to abrogate the limitations contained in the special provisions.

6. When authority and powers with reference to a particular subject are expressly conferred on specific terms upon municipalities, other authority and powers that in their nature or extent would materially increase or be inconsistent with the powers that are expressly given in specific

and limited terms, are not to be implied, particularly when the powers expressly given do not include all the authority that may have been conferred with reference to the designated subjects.

7. Where a City may legally adopt ordinances prescribing the character of buildings that may be constructed and the character of repairs that may be made upon buildings only "within the fire limits" of the City, a warrant of arrest charging that the defendant "covered a building within the City limits" in violation of an ordinance of the City, is wholly insufficient as authority to detain the defendant in custody and he may be discharged on *habeas corpus*.

A case of original jurisdiction.

Petitioner discharged.

*J. L. Davidson,* for Petitioner;

*J. Baxter Campbell,* for City of Quincy.

WHITFIELD, J.—A Justice of this Court issued a writ of habeas corpus returnable before the court upon a petition alleging an unlawful detention upon a warrant of arrest, charging that petitioner did "cover or cause to be covered a building within the city limits of the City of Quincy with roof coverings other than that prescribed by" a designated ordinance in violation of the city ordinance. The return accords with the petition.

Habeas corpus is appropriate as a remedy to secure release where a person is held in custody on a warrant of arrest when the charge has no basis in a valid law or ordinance, or wholly fails to state an offense under the law, *parte* Hays, 25 Fla. 279, 6 South. Rep. 64; Sims v. State, or the court is without jurisdiction of the matter. *Ex*

26 Fla. 97, 7 South. Rep. 374; *Ex parte* Prince, 27 Fla. 196, 9 South. Rep. 659; *Ex parte* Bailey, 39 Fla. 734, 23 South. Rep. 552; State *ex rel.* Worley v. Lewis, 55 Fla. 570, 46 South. Rep. 630; Lewis v. Nelson, 62 Fla. 71, 56 South. Rep. 436.

A warrant of arrest issued by a municipality should definitely charge a violation of a valid ordinance. The warrant in this case states that the structure covered in violation of the ordinance is "a building within the city limits." Authority for municipal action should clearly appear.

Section 24 of Article III of the State Constitution provides that "the Legislature shall establish a uniform system of *municipal government, which shall be applicable, except in cases where local or special laws are provided by the Legislature that may be inconsistent therewith."

Where there are valid local or special laws relating to the powers and government of particular municipalities that are in conflict with the general statutory law, such local or special laws prevail. Sanders v. Howell, 73 Fla. 563, 74 South. Rep. 802.

By general law, Section 1041, General Statutes of 1906, Compiled Laws of 1914, City Councils have power "to pass all necessary laws to guard against fires." By special law, Chapter 7694, Acts 1917, providing for the "jurisdiction, powers, privileges and immunities" of the City of Quincy, it is enacted, Section 6, that "the Council may enact ordinances for the prevention and extinguishment of fires, may establish and maintain a city fire department, prescribe fire limits and the character of buildings that may be constructed within same, and regulate the character and extent of repairs that may be made to or upon any buildings within such limits; may declare and abate nuisances relating to buildings, either

in the nature of construction, condition of repair or non-repair, and use or occupancy, within the city limits."

Section 10 of the Charter Act provides that "the Council may provide by ordinance for the exercise of any other power, privilege or immunity granted by any express provision found elsewhere in this charter, or a power or immunity necessarily implied therefrom, and any power, privilege or immunity given cities under the general laws of Florida, by express provision or necessary implication, not in conflict with the provisions of this Act."

General welfare powers do not ordinarily extend powers specifically limited. Malone v. City of Quincy, 66 Fla. 52, 62 South. Rep. 922; State *ex rel.* Ellis v. Tampa Water Works Co., 56 Fla. 858, 47 South. Rep. 358, 19 L. R. A. (N. S.) 183.

The special act expressly confines the power to "prescribe the character of buildings that may be constructed, and to regulate the character and extent of repairs that may be made to or upon buildings" to such buildings as are within the fire limits, while the power to "declare and abate nuisances relating to buildings," etc., extends to all "within the city limits." This distinction in granting powers is significant. The special act expressly repeals "all laws and parts of laws in conflict with" its provisions. Considering these provisions of the special charter act, it appears that the law did not intend that general powers conferred should extend or enlarge the specifically conferred limited power to "regulate the character and extent of repairs that may be made to or upon any buildings within such limits," meaning "prescribed fire limits."

If reasonable doubt exists as to a particular power of a municipality it should be resolved against the city.

A general clause conferring power upon a municipality can give no authority to abrogate the limitations contained in the special provisions. When authority and powers with reference to a particular subject are expressly conferred in specific terms upon municipalities, other authority and powers that in their nature or extent would materially increase or be inconsistent with the powers that are expressly given in specific and limited terms, are not to be implied, particularly when the powers expressly given do not include all the authority that may have been conferred with reference to the designated subjects. Malone v. City of Quincy, 66 Fla. 52, 62 South. Rep. 922.

The city has no authority to adopt or enforce an ordinance prescribing the character of building that may be constructed, or regulating the character and extent of repairs to buildings, except within the fire limits of the city as duly prescribed.

This case differs essentially from In re Robinson, 73 Fla. 768, 75 South. Rep. 604. In the Robinson case the statute was valid and made it a crime to "operate in this State" any automobile without first obtaining a license, and the information charged that the owner by an automobile "did use and operate the same in said State and county," etc., without alleging that the operation and use were upon the public highways. This latter element was not expressly made a part of the statutory offense, and it was held that the information did not wholly fail to charge an offense under the statute, and that *habeas corpus* was not the remedy.

In this case the city has no power to adopt an ordinance prescribing the character of buildings or regulating the character and extent of repairs on buildings not within the fire limits of the city, and the warrant here

does not expressly or by intendment state that the building is within the fire limits, but merely that it is "within the city limits." Municipal authority being special and limited should definitely appear.

The warrant on which the petitioner is held in custody does not definitely charge a violation of any ordinance within the power of the city to adopt. As under the law, the city could prescribe the character of and regulate the repairs to buildings only within the fire limits of the city, the warrant of arrest should clearly show that the building is "within the fire limits" of the city; and the allegation that the building is within the city limits does not show it to be "within the fire limits."

Whether material in this proceeding or not, it is alleged in the petition under oath that the building is not within the fire limits of the city.

The warrant of arrest, considered with reference to the limited power of the city in the premises, is wholly insufficient as authority to detain the petitioner in custody and he is discharged, at the cost of the City of Quincy.

BROWNE, C. J., AND TAYLOR AND WEST, J. J., concur.

ELLIS, J., took no part.