R. E. Moye, Clerk Circuit Court v. State *ex rel.*
W. B. McCollum

151 So. 501.
Opinion Filed October 28, 1933.

*Leitner & Leitner, Cary D. Landis,* Attorney General, *H. E. Carter,* Assistant Attorney General, and *J. V. Keen,* Assistant Attorney General, for Plaintiff in Error;

*J. D. Kinsey,* for Defendant in Error;

*Kelly & Casler* and *W. H. Wolfe,* as *Amici Curiae.*

Whitfield, J.—This writ of error was taken to a judgment awarding a peremptory writ of mandamus which in effect requires the Clerk of the Circuit Court for DeSoto County to permit the redemption of a tax sale certificate for taxes for 1927 held by the State, "upon payment of the amount due for taxes and costs and charges" and interest, under Chapter 16252, Acts of 1933, the amount due for taxes to be ascertained by applying the millage fixed for the year 1927, to the last assessed valuation of the property, that being "less than the regular valuation" for the year 1927.

Section 2, Chapter 16252, Acts of 1933, provides that "During the periods of time (ending July 1, 1938) mentioned * * * in Section 1 of this Act, the actual *bona fide* owner or owners to the fee simple title to any real estate

upon or against which the State of Florida holds any tax certificate or lien for unpaid taxes (for the year 1931 and prior years), shall be allowed to pay off and discharge, at any time, any one or more of such lien or liens without regard to the number of years of unpaid taxes existing against such land at the time of such payment, upon payment *of the amount due for taxes* and costs and charges, together with interest," etc. (Italics supplied.)

The question presented is what is "the amount due for taxes" that is required to be paid under Chapter 16252, in redeeming lands sold for unpaid taxes for the year 1931 and prior years, where the State holds a tax sale certificate covering the land taxed.

The words "the amount due for taxes" in the connection used does not necessarily mean the amount *levied* for taxes. Where the State holds a tax certificate covering unpaid State, county and district taxes or where there is a lien for unpaid State, county or district taxes, a statute, to "secure a just valuation of all property," as required by the Constitution, and to facilitate the collection of unpaid taxes based upon just valuations, may permit a redemption of the land from the tax certificate or tax lien upon payment of an amount based on the application of the authorized and fixed millage to the assessed valuation of the property as fixed for a different year, when the statute in its terms or in its operation does not violate the organic requirement of "a uniform and equal rate of taxation." Section 1, Article IX, Constitution.

The amounts *levied* may not be the amounts *due* for taxes, where a statute permits payments of taxes by redemptions of land from tax sale certificates or from tax liens, upon payment of an amount determined by the application of the uniform rate of taxation to a valuation of the property

different from the valuation upon which the levy for the particular year was made.

Chapter 7806, Acts of 1919, entitled "An Act to provide for the redemption and sale of tax certificates held by the State of Florida, covering lands sold to the State and to prescribe the duties of the clerks of the circuit court in connection therewith" contains the following:

"Sec. 2. That the Clerks of the Circuit Court of the several counties of the State of Florida are hereby authorized and directed to allow the redemption or purchase, in whole or in part, where the part to be redeemed or purchased can be ascertained by legal and usual sub-division, of any and all tax certificates held by the State of Florida that were issued in the year 1918 and subsequent years upon the payment of the amount of such tax certificate or certificates, or such portion thereof as the part to be redeemed or purchased shall bear to the whole, with interest thereon from the date of such certificates at the rate of twenty-five per cent. per annum for the first year and eight per cent. per annum thereafter, and the payment of any and all subsequent unpaid or omitted taxes due on the land to be redeemed or purchased including taxes for the year in which such redemption or purchase is made, if after the first day of April, with interest thereon at the rate of twenty-five per cent. per annum for the first year and eight per cent. per annum thereafter, beginning with the first day of April next after the year for which such taxes are due." Sec. 994, Comp. Gen. Laws, 1927.

"Sec. 4. That when the face of any tax certificate held by the State issued subsequent to the oldest tax certificate held by the State covering any land to be redeemed or purchased is greater than would be the unpaid or omitted taxes for the year for which such subsequent tax certificate was

issued, when based on the last assessed valuation against the land, then the unpaid taxes for that year based on the last assessed valuation may be collected in lieu of the amount due on such subsequent certificate and such certificate shall then be cancelled as to such land." Sec. 996, Comp. Gen. Laws, 1927.

"Sec. 5. That the unpaid or omitted taxes shall be collected upon the basis of the regular valuation placed by the assessor upon the land for the year for which taxes remain unpaid, and where no valuation was so placed then the last assessed valuation prior thereto shall be considered the regular valuation; but where the last assessed valuation against any land to be redeemed or purchased is less than the regular valuation then the last valuation shall be used." Sec. 997, Comp. Gen. Laws, 1927.

These quoted sections authorize redemptions of lands from tax liens to be made upon payments of amounts to be ascertained as taxes due for the particular year, by applying the millage duly fixed for the year for which taxes are to be paid by redemption to "the last assessed valuation against the land," if that "is less than the regular valuation."

Chapter 16252 authorizes *bona fide* owners in fee of lands to pay off and discharge any tax lien upon the lands "upon payment of the amount due for taxes and costs and charges, together with interest." The amount due for taxes is to be determined under the provisions of other statutes dealing with the subject. For present purposes those statutes are Sections 2, 4 and 5 of Chapter 7806, Acts of 1919, Sections 994, 996, 997, Compiled General Laws, 1927, which are quoted above. They authorize "unpaid or omitted taxes" to be paid upon the basis of the last assessed valuation if that is less than the assessed valuation of the property upon which the tax levy for the particular year was applied when

made. Sections 6 and 7, Chapter 16252, refer to taxes *levied* in connection with the use of bonds and coupons in paying delinquent county and district taxes. Section 2 refers to "the amount due for taxes" when prescribing the payments to be made in redeeming lands from tax liens. Section 997 above relates to *valuations* for tax redemptions. Chapter 16252 in providing for redemptions does not mention *valuations,* but refers to taxes *levied* and to amounts *due* for taxes, not to taxes assessed for a given year. The *levy* relates to the millage. *Valuation* is a factor in determining the amount of taxes levied or amounts "due for taxes." The "amounts due for taxes" stated in Section 2, Chapter 16252, and the "taxes levied" stated in Sections 6 and 7, Chapter 16252, are ascertained by applying the *millage tax levied* for a given year to the valuation as regulated by Section 997, Compiled General Laws, 1927, which is the "last assessed valuation" if that is "less than the regular valuation."

Affirmed.

DAVIS, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.