FLAMINGO PARK WAREHOUSE CO. v. SALLIE LEE WASSON
SOLBERG, Executrix of the Estate of
Lucy R. Rapp, Deceased.

151 So. 281.
Division B.
Opinion Filed Nov. 28, 1933.

*Blackwell, Donnell & Moore,* for Plaintiff in Error.

*Houser & Wood,* for Defendant in Error.

PER CURIAM.—This was a suit on a promissory note.
The declaration was in conventional form. Suit was first
filed against R. C. Baker as Sheriff of Palm Beach County
and *ex officio* executor. Later Sallie Lee Wasson Solberg
qualified as executrix and was substituted in lieu of Baker
as defendant.

A plea was filed which, although of considerable length,
it is expedient to copy in full, because it constitutes the basis
for the judgment to which writ of error was sued out.
The plea was in the following language:

"That at the time of the issuance of the note sued upon,
the said Lucy L. Rapp was the owner in fee of an undi-
vided part of the following described real estate, situate,

lying and being in Palm Beach, County, Florida, and more particularly described as follows:

"Lot 1, Block 13 of Riviera, according to the plat thereof on file in the office of the Clerk of the Circuit Court in and for Palm Beach County, State of Florida, Plat Book 2, pages 90 and 91, and, as such owner and together with the remaining owners in fee of said real estate, executed and delivered to the Consolidated Realty Company, the original payee named in the said note, as security for the payment of said note, a mortgage incumbering said real estate; subject, however, to an additional mortgage incumbering said real estate, bearing date the 8th day of December, 1924, and given by one William Bloom and Pearl M. Bloom, his wife, to George Howley, which last mentioned mortgage, being prior to the mortgage so given to the said Consolidated Realty Company, had been given to secure the payment of a certain promissory note in the principal amount of $8,000.00, bearing date the 8th day of December, 1924, made by the said William Bloom and Pearl M. Bloom, his wife, to the said George Howley; that on or about the 24th day of March, 1927, the said Lucy L. Rapp, who was then a widow, and one James A. Morris, and one Evangia M. Gray, a widow, were the owners in fee of the aforesaid real estate, subject, however, to the liens of the two mortgages aforesaid; that on said date last mentioned the said George Howley was the owner and holder of the aforesaid promissory note in the principal sum of $8,000.00, and said mortgage securing the payment of the same, and the said Consolidated Realty Company was the holder of the said note sued upon, and the aforesaid mortgage given to secure the payment of the same; that on the said 24th day of March, 1927, the said George Howley, the said Lucy L. Rapp, the said James A. Morris, the said Evangia

M. Gray, the said Consolidated Realty Company, and one F. J. Anderson and one Sydney J. Catts, Jr., made and entered into a certain written agreement whereby it was agreed, among other things, by and between the aforesaid parties to said agreement, as follows:

"That the time for payment of the said promissory note in the principal sum of $8,000.00 should be extended for a period of ten (10) years from the 15th day of June, 1927, and that the said George Howley should deliver to the said Sydney J. Catts, Jr., who should hold the same in escrow, the aforesaid promissory note for $8,000.00, and the mortgage securing the same, and a satisfaction of said mortgage, reciting full payment and satisfaction of the principal sum of $8,000.00, as evidenced by said promissory note and mortgage; that the said Lucy L. Rapp, James A. Morris and Evangia M. Gray, the owners in fee of the aforesaid real estate, should execute and deliver to the said Sydney J. Catts, Jr., likewise to be held in escrow, their good and sufficient warranty deed conveying to the said George Howley the fee simple title to the aforesaid property; that the said Lucy L. Rapp, James A. Morris and Evangia M. Gray should obtain from the said Consolidated Realty Company a satisfaction of the said mortgage given to the said Consolidated Realty Company, reciting full payment and satisfaction of the aforesaid promissory note for $6,000.00, and the mortgage securing the said promissory note, and that said satisfaction of said mortgage, likewise, should be delivered to the said Sydney J. Catts, Jr., to be held by him in escrow; that it was further provided by said agreement that the time for payment of the said note sued upon should be extended for a period of ten (10) years from the 15th day of June, 1927; that the said F. J. Anderson should be appointed as Trust Officer and that it

should be the duty of the said F. J. Anderson, as such Trust Officer, to collect all rents, profits and income derived from said property during the entire life of said agreement, and that he should apply the money thereby obtained as follows:

"First, to the payment of the interest on the said $8,000.00 promissory note held by the said George Howley; Second, to the payment of all taxes, levies, assessments, dues and charges upon said property, due or to become due; Third, to the payment of premiums due for adequate fire insurance protection; Fourth, to the payment of all legitimate expenses connected with the maintenance of said premises; and Fifth, to the payment of interest on the said note sued upon; and the surplus to the retirement of the indebtedness evidenced by said $8,000.00 note held by the said George Howley, and after full satisfaction of the said $8,000.00 promissory note, that he, the said F. J. Anderson, should apply the balance of such rents, profits and income to the retirement of the indebtedness evidenced by the said note sued upon; that it was further provided by said agreement that as a condition precedent to the said extension of ten (10) years for the payment of the principal sum due to the said George Howley upon the said promissory note held by him, an experimental extension for a probationary period of two (2) years should be granted for the purpose of determining the earning capacity of the aforesaid property; and that if during the said probationary period the money derived from said property as aforesaid should be sufficient to pay off the interest on the said mortgage held by the said George Howley, taxes, levies, assessments, dues, charges, fire insurance premiums, and other legitimate expenses connected with the maintenance of said property, that an additional extension of

eight (8) years should automatically ensue; but that unless during said probationary period of two (2) years the moneys derived from said property, as aforesaid, should be sufficient for the aforesaid purposes, the said Lucy L. Rapp, James A. Morris and Evangia M. Gray, should, as expressed by said agreement, be deemed to be 'in default of this agreement'; And it is further provided in and by said agreement that if after the expiration of said probationary period any installment of interest on the said first mortgage, so held by the said George Howley, should mature, or any item of taxes, assessments, levies, dues, charges, fire insurance premiums, and other legitimate expenses connected with the maintenance of said premises, should become due, and the money in the hands of the said F. J. Anderson, as aforesaid, should not be sufficient to cover said maturing obligations, then that the said Lucy L. Rapp, James A. Morris and Evangia M. Gray should, as expressed in said agreement, 'be deemed in default'; That it was further provided in and by said agreement that should a period of sixty (60) days elapse after the said Lucy L. Rapp, James A. Morris and Evangia M. Gray should have defaulted, according to the terms of said agreement, and as hereinbefore specified, and within such period of sixty (60) days the said defaulting parties should fail to supply from other sources the amounts due on any installment of interest maturing on said mortgage held by the said George Howley, or any item of taxes, assessments, interest, levies, dues, charges, fire insurance premiums, or any other legitimate expenses connected with the maintenance of said property, the said agreement should immediately terminate; and it was expressly provided in and by said agreement that in such event the said Sydney J. Catts, Jr., should then turn over to the said George Howley the said warranty

deed, to be executed by the said Lucy L. Rapp, James A. Morris and Evangia M. Gray, together with the said satisfaction of mortgage, to be executed by the said Consolidated Realty Company, and should deliver to the said Lucy L. Rapp, James A. Morris and Evangia M. Gray the said promissory note and mortgage so held by the said George Howley, and the satisfaction of said mortgage, executed by him as aforesaid, and should thereby restore the fee simple title to the aforesaid property in the said George Howley; that it was further provided in and by said agreement that it should be the privilege of said Consolidated Realty Company at any time prior to the revesting of title to the said land in said George Howley, and within ten (10) days after default by the said Lucy L. Rapp, James A. Morris and Evangia M. Gray, to comply with all the duties and obligations of the said Lucy L. Rapp, James A. Morris and Evangia M. Gray, as hereinbefore specified, and thereupon that the said Consolidated Realty Company should become subrogated to the rights and interest of the said Lucy L. Rapp, James A. Morris and Evangia M. Gray in said land.

"A true and complete copy of the aforesaid agreement, dated the 24th day of March, 1927, is hereunto attached and made a part hereof as if set forth fully herein.

"At or about the date of the execution of the said written agreement, dated March 24th, 1927, the said parties thereto executed and deposited in escrow with the said Sydney J. Catts, Jr., the various documents to be executed by them, respectively, and deposited, as hereinbefore specified; that within ninety (90) days from June 15th, 1927, substantial returns from said property, in the way of rents, profits and incomes, were had, but that subsequent to said period of ninety (90) days the said property ceased to yield by way

of rents, profits and income, a sufficient amount to pay off all the charges and expenses to be paid therefrom, as hereinbefore specified, during said probationary period of two (2) years; that said expenses were not provided from other sources as hereinbefore specified, and thereafter the said Consolidated Realty Company within ten (10) days did not pay such expenses and charges so as to be entitled to be subrogated to the rights and interests of the said Lucy L. Rapp, James A. Morris and Evangia M. Gray, in said land, and that in accordance with the provisions of said agreement the fee title to said property automatically vested in the said George Howley; the said mortgage given by the said Lucy L. Rapp, James A. Morris and Evangia M. Gray, to secure the payment of the note sued upon, and the said note sued upon, automatically became discharged and the said Lucy L. Rapp thereby became released and fully discharged from any and all obligations theretofore imposed upon her by virtue of said note sued upon."

Demurrer to the plea was interposed and overruled.

Thereupon a replication was filed. Demurrer was interposed to the replication and sustained.

Thereupon a stipulation was entered into, as follows:

"It is hereby stipulated and agreed by and between the plaintiff, Flamingo Park Warehouse Company, a corporation, by its attorneys, and the defendant, Sallie Lee Wasson Solberg, as Executrix of the Estate of Lucy L. Rapp, deceased, by her attorneys, as follows:

"1. That the facts alleged in the declaration heretofore filed herein by the plaintiff shall be taken, considered and adjudged by the Court as true and correct.

"2. That the facts alleged in the plea heretofore filed herein by the defendant shall be taken, considered and adjudged by the Court as true and correct.

"3. That trial of said cause by jury be and the same is hereby waived.

"4. That the Court may render a final judgment in this cause upon the pleadings heretofore filed herein, and the orders heretofore entered into, and this stipulation.

"5. That in the event of a reversal of said judgment, this stipulation shall become void and without binding effect on either of the parties hereto."

On this stipulation judgment was entered in favor of the defendant and writ of error was sued out.

The replication sought to avoid the force and effect of the agreements mentioned in the plea and relied as the defense upon the ground that a notice of lien had been filed under Section 3186, Revised Statutes of the United States, as amended by Acts of March 4th, 1913, and February 26th, 1925, which was assessed under the Internal Revenue Laws of the United States in the sum of $2,878.83, while the escrow agreement was in the hands of the escrow agent, and that because of the filing of such lien unincumbered title could not be acquired by the plaintiff without a foreclosure of the mortgage and that the purpose of the agreement was to obviate the necessity of the expense and delay incident to foreclosure.

We think the order sustaining the demurrer to this replication was without error because the replication set up no valid ground for breaching the contract, which contract had superseded and qualified the contract in the note by which the maker unconditionally promised to pay the note. The terms of the contract were entered into subject to the enforcement of all Federal or State laws in regard to the assessment of taxes against property. The contract, according to the pleadings, which are taken as true, had been fully performed on the part of the mortgagor and the maker

of the note and, having been so fully performed, the mortgagor was entitled to the benefits of the contract and the mortgagee and holder of the note was bound to perform in accordance with the terms of the contract.

The plea may be considered as an equitable plea. Under the facts alleged in the plea, the defendant was entitled to maintain a suit to coerce the performance of the contract and to cancel the note and mortgage. The plea, therefore, constituted good defense.

The judgment should be affirmed. It is so ordered.

Affirmed.

Davis, C. J., Whitfield, Terrell, Brown and Buford, J. J., concur.