W. L. DRAUGHON, as Clerk of the Circuit Court, Lee County, and SEVILLE HOLDING COMPANY, v. MARTIN E. SHULTZ.

173 So. 360.

Opinion Filed March 23, 1937.

502

*Maguire & Voorhis,* for Appellants;

*Waller & Meginniss, Sheppard & Clements* and *Wm. J. Wood,* for Appellee.

DAVIS, J.—Section 992 C. G. L., 775 R. G. S., as amended by Section 10 of Chapter 14572, Acts 1929, provides in substance that any person may purchase a state tax certificate by paying to the Clerk of the Circuit Court of the county wherein the land is situated *the amount of such certificate* and interest thereon. from the date of the certificate at the statutory rate, and the fee of the Clerk prescribed therefor.

In purported conformity to the Statute, the Clerk of the Circuit Court of Lee County, in January, 1935, sold to appellant's assignor, a state tax certificate that had been issued for unpaid 1931 taxes, for a purchase price based on the 1934 assessed valuation of the land covered by the certificate, which assessed valuation was lower than the 1931 assessment upon which the certificate was based when purchased by the state. These proceedings in equity

were instituted in the Circuit Court to enjoin the issuance of a tax deed upon the certificate so sold.

The Chancellor granted the injunction conditionally—the condition being that the Clerk shall be enjoined from issuing the tax deed until the defendant tax certificate holder shall have paid to the defendant Clerk, the 1931 face amount of the certificate, less credit for the payment already made therefor upon the basis of the face amount of the certificate as reduced by the computation predicated on the 1934 lowered valuation. From that order the case has been appealed to this Court.

The substance of the appellee's bill for injunction is as follows: that on the tax rolls of Lee County, Florida, for the year 1931, there were assessed for state and county taxes a parcel of real estate in Lee County, Florida, commonly known as the Hotel Morgan Property; that the owner of the said property, nor any one for them, paid the taxes so levied and assessed against said property, and on August 1, 1932, the tax collector of Lee County, Florida, held a public sale for the purpose of selling the same for non payment of said 1931 taxes, and there being no bidders at said sale the tax collector bid said property off for the State of Florida, and pursuant thereto issued a tax certificate to the Treasurer of the State of Florida, dated August 1, 1932, numbered 1171, of the face amount of $2305.69, it being recited in said tax certificate that the amount bid therefor (and being the face amount of the certificate), was the amount due and unpaid for said 1931 taxes, with costs and charges; that state and county taxes on said property were neither paid by the owner of said property, nor by any one for them, for the years 1932, 1933 and 1934; that on January 18, 1935, said certificate numbered 1171, as well as tax certificate and tax liens on said property, for

all years subsequent to the year 1931, were held by the State of Florida; that on January 18, 1935, the defendant, W. L. Draughon, as Clerk of the Circuit Court for Lee County, Florida, purported to sell, assign, and transfer to the defendant, Switzerland Holding Company, a corporation, the said tax certificate numbered 1171, for the consideration of $2453.31; that said tax certificate was the oldest tax certificate outstanding against said property; that the assessed valuation of said Hotel Morgan Property for the year 1931, on the tax rolls of Lee County, Florida, was $27,000.00, and for the year 1934 was $22,000.00; that the defendant, W. L. Draughon, as Clerk aforesaid, did purport to sell, assign and transfer to the defendant, Switzerland Holding Company, a corporation, the aforesaid certificate based upon the last assessed valuation, to-wit: $22,000.00; that had said defendant, W. L. Draughon, as Clerk aforesaid, required the defendant, Switzerland Holding Company, to pay the amount prescribed by law for said tax certificate, said defendant, W. L. Draughon, as Clerk aforesaid, would have collected for the use and benefit of Lee County, Florida, and the State of Florida, many hundreds of dollars in addition to the amount paid to him as set forth aforesaid, and future state and county taxes on the properties of plaintiff, and all other taxpayers of and in Lee County, similarly situated, would thereby have been materially reduced; that predicated on said purported assignment of said tax certificate, the defendant, Switzerland Holding Company has made application to the defendant, W. L. Draughon, as Clerk aforesaid, for the issuance of a tax deed on said Hotel Morgan Property, and a notice of the intended issuance of said tax deed on said Hotel Morgan Property was published by the Clerk in the Fort Myers News Press, a newspaper published in Lee County,

Florida, that said purported sale, assignment and transfer of said certificate is, by reason of the matters and things alleged aforesaid, illegal, null and void and constitute no lawful basis for the issuance of a tax deed; that plaintiff, and all other taxpayers of and in Lee County, Florida, similarly situated, will suffer irreparable injury and damage unless the issuance of such tax deed be enjoined by this court and the purported assignment of said tax certificate be declared illegal, null and void, in that funds and property of said county and state will be wasted and lost, and the defendant, Switzerland Holding Company, will have acquired title to said Hotel Morgan Property, without having paid the amount required by law for said certificate, and the State of Florida and Lee County will be deprived of hundreds of dollars of public funds to which said state and county are respectively entitled and future taxes of plaintiff and all other taxpayers of and in Lee County, similarly situated, will be materially increased.

Appellee contends that under Section 992 C. G. L., *supra,* it was the duty of the Clerk of the Circuit Court to charge appellant's assignor, as purchaser of a tax certificate sold to the state for taxes for the year 1928, and subsequent years, the face amount of such certificate and interest thereon from the date of the certificate at the rate specified in the statute, where the certificate to be purchased was the oldest certificate outstanding on the land at the time of the proposal to buy same from the Clerk.

Appellant, on the contrary, takes the position that under Sections 994, 996, and 997, C. G. L., Chapter 7806, Acts 1919, Laws of Florida, that the Clerk of the Circuit Court, when selling a 1932 tax certificate in 1935, should have based (as he did) the purchase price of said certificate upon the assessed valuation of the involved land for the

year 1934, inasmuch as the 1934 valuation for said land was a lower valuation than the 1931 valuation upon which the face amount of said certificate, as the oldest certificate outstanding, had been computed at the time of the 1932 tax sale. Moye v. State;* 112 Fla. 516, 151 Sou. Rep. 501, is cited as sustaining appellant's contention.

While Chapter 7806, Acts 1919, *supra* (now Sections 994, 996 and 997 C. G. L.) was passed at a legislative session subsequent to the original Section 992 C. G. L., 775 R. G. S., all of these sections as they now stand are in *pari materia,* and together constitute congeneric parts of one and the same statutory system for the governance of tax redemptions and sales of state owned tax certificates. The intent of these sections, which is the law, can therefore best be discerned by reading and construing them together, as if they appeared in one and the same Act of the Legislature passed at the same time.

Our construction of these statutes is that under Section 992 C. G. L., *supra,* as amended in 1929, the purchaser of the oldest certificate on land sold or certified to the state for taxes levied for the years 1928, and subsequent years, from the Clerk of the Circuit Court shall, as the statute in terms directs, pay to the Clerk "the amount of such certificate and interest thereon from the date of the certificate at the rate or rates which would be required to be paid for the redemption" of that certain considered alone, plus the Clerk's fee of fifty cents, and that the authorized computation, under the other sections of the statute of tax redemption amounts according to the *last* assessed valuation

---

*This case, however. involved a rule for redemption by the delinquent owners under the Futch Act, Chapter 16252, Acts 1933, and not a rule for a purchase certificate under Section 992 C. G. L.

of the land is applicable only to the subsequent omitted taxes that are required to be put up by the tax certificate purchaser as a part of the purchase price of the oldest outstanding certificate, when the oldest certificate is the subject of the purchase.

Thus, where the *oldest* outstanding certificate is sold, the Clerk should collect therefor the *face* amount of such certificate, together with statutory interest and fees, but not a less amount computed on the basis of a subsequently lowered "last valuation" such as referred to in Sections 994 C. G. L., *et seq.,* which mentions both purchases and redemptions in the same provision of law.

Where the Clerk fails to collect the full consideration prescribed by law, but the purchase and assignment of the certificate is for value, though for less than the required statutory amounts, the sale and assignment of the involved certificates absent fraud, is not null and void, but if an application be made for the issuance of a tax deed thereon, it is within the province of a court of equity, at the suit of an interested taxpayer, to secure compliance with the statute by enjoining or withholding enforcement of such tax certificate, until the proper amount of consideration for its assignment is paid by the holder.

All taxpayers of the state have a justiciable standing in courts of equity, where no adequate remedy at law exists, to have such equitable relief as may be essential, to insure the proper collection by the taxing officers of any amounts of the public revenues about to be unlawfully or unauthorizedly remitted, abated or cancelled by public officer defendants in such cases. Thus plaintiff in this case in the court below was properly entitled to an injunction of the conditional character awarded by the Chancellor when it was made to appear that the defendant Clerk of the Circuit

Court was about to issue a tax deed upon a certificate upon which the full amount of the state's revenue collectible upon its transfer had not been theretofore actually collected at the time of its assignment by the Clerk of the Circuit Court in the first instance.

Affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

173 So. 363.
Opinion Filed March 23, 1937.

*Maguire & Voorhis,* for Appellants;

*Waller & Meginniss, Sheppard & Clements,* and *Wm. J. Wood,* for Appellee.