STATE, *ex rel.* A. P. GORDY, v. E. J. KING, as Chief of Police of River Junction.

180 So. 770.
Opinion Filed April 28, 1938.

*C. N. Ashmore* and *J. Lewis Hall,* for Plaintiff in Error; *E. S. Blake* and *H. M. Taylor,* for Defendant in Error.

PER CURIAM.—This is a writ of error to a final judgment entered by the Circuit Court of Gadsden County, remanding to the custody of the Sheriff, the plaintiff in error, A. P. Gordy, who was held in custody under an affidavit and warrant charging the violation of Ordinance No. 121 of the City of River Junction, which ordinance levied a license of "$50.00 per table for pool rooms."

This ordinance is in conflict with Chapter 17,167 of the Acts of 1935, and the petitioner should therefore have been discharged. This case is governed by the case of City of Orlando v. Gill, 128 Fla. 139, 174 So. 224, which the majority of the Court consider to be in point here and conclusive of this case. The judgment of the court below is accordingly reversed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

CHAPMAN, J., dissents.

CHAPMAN, J. (dissenting).—On writ of error to a final judgment entered by the Circuit Court for Gadsden County, Florida, remanding to custody the plaintiff in error for further proceedings according to law, it is contended reversible error was committed. Plaintiff in error was held under 'an affidavit and warrant charging the 'violation of Ordinance Number 121 of the City of River Junction, Florida, viz.:

"An Ordinance Imposing Licenses and Other Taxes: Prescribing Penalties for Doing Business Without a License; Failure to comply with Provisions thereof in the Town of River Junction.

"Be it ordained by the Town Council of River Junction: Definitions and construction unless context shows a specific contrary intent, the following words and terms hereinafter mentioned shall be given * * *

"Section Two. No person shall engage in, manage or conduct any business hereafter mentioned without first procuring a license therefor.

"Section 15. Designates other businesses and levied license of $50.00 per table for pool rooms."

It is contended by plaintiff in error that the City of River Junction has no power under its charter, being Chapter 9060, Acts of 1921, Laws of Florida, to enact Ordinance No. 121, *supra,* because the power to enact the said ordinance was repealed by Chapter 17167, Acts of 1935, Laws of Florida, viz.:

"Section 1. That on and after October 1, 1935, there is hereby levied and imposed and shall be collected for the privilege of engaging in or continuing to engage in the business of operating a Pool or Billiard Hall an annual occupation license tax in the following amounts: Any Hall operating not more than four tables, $25.00 per table

per annum; for each additional table, $10.00 per annum. Provided, that there is hereby levied and imposed a county license tax equal to fifty per cent of the above amounts; and provided, further, that an incoporated city or town may impose an occupational license tax not to exceed fifty per cent. of the State license.

"Section 2. All laws or parts of laws in conflict with or inconsistent herewith are hereby repealed and superseded. But this shall not be construed as repealing any law consistent herewith."

It is argued here that Chapter 17167, *supra,* repealed Section 7 of Chapter 9060, *supra,* viz.:

"The Town Council may by ordinances license, tax, regulate any and all occupations, trades, business and professions carried on within the town, including * * * pool and billiard tables * * * and all other privileges, without regard to any of the provisions of the general law and without regard to the amount of State tax upon the same subjects * * *"

The Legislature of Florida under Section 8 of Article VIII of the Constitution of Florida, has the power to establish or create municipalities and to alter or abolish them. In the case of Gillis v. Croft, 92 Fla. 267, text 273, 109 So. 446, this Court, speaking through Mr. Justice WHITFIELD, said:

"Where a municipality has statutory authority to tax occupations without reference to the amounts taxed by State laws, and there is no controlling organic provision, the amounts of the occupation tax imposed may be determined by the municipality, and the courts will not interfere unless the amounts imposed are so unequal and unjustly discriminating in relation to like conditions as to deny the equal protection of the laws, or are so unreasonably

large as to be an arbitrary and oppressive exercise of governmental power * * *"

The questions as to whether the general Act, being Chapter 17167, *supra,* should prevail over and repeal Section 7 of Chapter 9060, *supra,* is the question for decision in this cause. The same question was before this Court in the case of Sanders v. Howell, 73 Fla. 563, text. page 570, 74 So. 802, when Mr. Justice SHACKLEFORD, speaking for the Court, said:

"We fully approve this holding. We would also call attention to the fact that Chapter 6924 contains no repealing clause. Unless, then, Chapter 2924 and Section 1 of Chapter 6087 of the Acts of 1909 are so repugnant and irreconcilable as to indicate a legislative intent that the former should repeal *pro tanto* or modify the latter, both statutes must be permitted to stand. In Florida East Coast Ry. Co. v. Hazel, 43 Fla. 263, 31 South. Rep. 272, 99 Amer. St. Rep. 114, we held that 'Repeals by implication are not favored, and in order that the court may declare that one statute repeals another by implication, it must appear that there is a positive repugnancy between the two, or that the last was clearly intended to prescribe the only rule which should govern the case provided for, or that it revises the subject matter of the former.' See also State v. County of Gadsden, 63 Fla. 620, 58 South. Rep. 232. In Ferguson v. McDonald, 66 Fla. 494, 63 South. Rep. 915, we held that: 'Where there are valid local or special laws relating to the powers and government of particular municipalities that are in conflict with the general statutory law, such local or special laws prevail.' Under these authorities, we must hold that Section 1 of Chapter 6087 of the Acts of 1909 has not been modified or repealed by Chapter 6924 of the Acts of 1915."

The rule, *supra,* has been cited with approval in the following cases: Stephens v. Anderson, 75 Fla. 575, 79 So. 205; State, *ex rel.* Young, v. Duval County, 76 Fla. 180, 79 So. 692; *Ex parte* Davidson, 76 Fla. 272, 79 So. 727; State, *ex rel.* Triay, v. Burr, 79 Fla. 290, 84 So. 61; City of St. Petersburg v. Pinellas Power Co., 87 Fla. 315, 100 So. 509; City of Apalachicola v. State, 93 Fla. 921, 112 So. 619; Abell v. Town of Boynton, 95 Fla. 984, 117 So 507; West v. Town of Lake Placid, 97 Fla. 127, 120 So. 361; State v. City of Miami, 101 Fla. 292, 134 So. 608; City of Lake Alfred v. Lawless, 102 Fla. 84, 135 So. 895; Flamingo Park Warehouse Co. v. Solberg, 113 Fla. 45, 151 So. 281; Crichlow v. Maryland Casualty Co., 116 Fla. 226, 156 So. 440; Broward v. Garrison Investment Corp., 121 Fla. 45, 163 So. 212; State, *ex rel.* Muldoon, v. McCarthy, 112 Fla. 519, 165 So. 700; Langston v. Lundsford, 122 Fla. 813, 165 So. 898; Scott v. Stone, 129 Fla. 784, 176 So. 852.

We feel that the case at bar is ruled by the authority of Sanders v. Howell, *supra.* The ordinance, *supra,* levies a tax on pool and billiard tables. Chapter 17167 authorized a tax on pool *halls,* but does not control or prohibit a tax on pool and billiard tables. It appears that Section 7 of the charter provisions of the City of River Junction and Chapter 17167, Acts of 1935, are consistent. If the Legislature intended to tax or make a change in the tax on pool and billiard *tables* it should have employed different language than that employed in Chapter 17167, Acts of 1935.

This Court has held in a number of cases in testing the validity of, as well as in construing a statute, resort may be had if necessary to the history of the legislation, to the public history of the times when it was passed, and it may be compared with cognate laws as an aid in determining its purpose, meaning and effect as an aid in determining its

validity. See Sheip v. Amos, 100 Fla. 863, 130 So. 699; State, *ex rel.* Davis, v. City of Clearwater, 106 Fla. 761, 139 So. 377. This Court can take judicial notice of common knowledge prevalent in Florida previous to and at the time of the passage of Chapter 17167,' Acts of 1935, Laws of Florida. We find at that time, and previously thereto, many of the municipalities of Florida were financially embarrassed. In some instances municipalities were heavily involved financially with high interest rates. Many cities and towns were unable to pay accrued interest on bonds or to extend the time of payment. Taxpayers of many of the cities and towns knew it was impossible to pay the heavy interest rates and refused to pay taxes assessed against their property. It was difficult to meet the current expenses of operating costs of the cities and towns. Pay rolls had not been met in many months, other current items remained unpaid and it was difficult to meet the operating costs of municipalities. Committees representing the municipalities of Florida went before the 1935 session of the Florida Legislature seeking financial help, representing that bonds were in default, pay rolls due, suits pending, current bills unpaid, and the taxpayers were refusing to pay their assessments. They asked the Legislature for help, suggesting that the municipalities were maintaining at heavy costs streets traveled as highways through towns and cities of Florida and justice and fairness should prevail and help given. It is difficult to conceive under these facts and circumstances that the limited financial resources of cities and towns of Florida should be further reduced by Chapter 17167, *supra.* It was not the intention of the Legislature so to do.

The judgment appealed from should be affirmed.