QUESTIONS: 1. Is the clerk obligated to redeem the outstanding certificates from the proceeds of the sale, if requested by the tax deed holder, when a tax deed is issued in June 1972 on a tax certificate and when all outstanding tax certificates issued prior to June 1972 were inadvertently not included in the base bid? 2. If the answer to the first question is in the affirmative, then is there a time limit within which this must be done?
SUMMARY: When the clerk overlooks outstanding tax certificates and does not notify the tax deed applicant of their existence, absent fraud the clerk should nevertheless redeem such outstanding tax certificates from the proceeds of the tax sale if sufficient. The clerk must redeem said certificates within 20 years from the date of their issuance or the holders must institute enforcement proceedings on the certificates within said period. Otherwise such tax certificates are void pursuant to s. 197.625, F.S. 1971. If the clerk has turned over the excess proceeds of the tax sale to the State Treasurer, then said proceeds are limited only to claims as provided in ss. 197.550 and 731.33, F.S. 1971. Your first question is answered in the affirmative under the controlling law as discussed below. Your second question is answered under the controlling law in that the tax certificates must be redeemed within 20 years from the date of their issuance. Both answers are subject to the requirements of s. 197.550, F.S. 1971, if applicable, as discussed below. You have noted in the file that the tax deed was issued for county ad valorem taxes to a private individual in June 1972 and that the outstanding tax certificates issued prior to June 1972 are held by private individuals. You further point out that the proceeds of the sale of the subject property were sufficient in amount to satisfy all outstanding certificates as well as applicable expenses and fees. The statute pertinent to your inquiry provides as follows: (1) On and after April 1, 1943, tax deeds on real estate sold for nonpayment of the taxes thereon may be obtained by the holder of a tax certificate, other than the county, in the following manner: The holder of any tax certificate may at any time after two years have elapsed since April 1, of the year the tax became delinquent . . . file such certificate with the clerk of the circuit court of the county in which the lands . . . are located, notifying the clerk that he desires the lands described therein, . . . . (2) The certificate holder shall pay to the clerk the proper amount fixed by law for the redemption or purchase of all other outstanding tax certificates covering said lands, a fee of fifty cents for each certificate then redeemed or purchased, and for searches ascertaining the outstanding certificates a fee of fifty cents for the oldest tax sale and a fee of fifteen cents for each subsequent year, . . . . (Emphasis supplied.) [Section 197.490, F.S. 1971]. Thus, the applicant is required to pay to the clerk the amount necessary to redeem all other outstanding tax certificates covering said land and the clerk is required to search the public records for a period of 20 years to ascertain the existence of outstanding tax certificates. See AGO 061-106, Leland v. Andrews,176 So. 418 (Fla. 1937), and Security Land Investment Co. v. Ranger Realty Co., 156 So. 23 (Fla. 1934). You have noted in your inquiry that all of the outstanding tax certificates were inadvertently not included in the bid by the applicant for the tax deed because the tax certificates were erroneously overlooked in the search of the public records by the clerk. In any event, according to your information, at the public auction of the property the applicant paid an amount sufficient to cover all outstanding tax certificates as well as all expenses. Section 197.520, F.S. 1971, provides as follows: All lands advertised for sale to the highest bidder shall be sold at public auction by the clerk of the circuit court. . . . The amount required to redeem the tax certificate or certificates, plus the amounts paid by the holder thereof to the clerk of the circuit court in fees, costs of sale, redemption of other tax certificates on the same lands, in short, all costs which the applicant for tax deed has been put to, plus interest thereon at the rate of eight per centum per annum for one month, shall be considered the bid of the certificate holder for the property; . . . . [A]nd the property shall be struck off and sold to the highest bidder. (Emphasis supplied.) Thus, even though not specifically bid by the purchaser at the public auction, the amount required to redeem the outstanding tax certificates "shall be considered the bid" for the subject property. Accordingly, I would construe the statute to allow the outstanding tax certificates to be paid from the proceeds of the tax sale if sufficient and if they were not otherwise paid. The clerk should therefore redeem the outstanding tax certificates from the proceeds of the sale. Absent fraud, equity and good conscience would seem to dictate such a result. The clerk is obligated to redeem such certificates from the bid of the applicant for the tax deed. The clerk should not be relieved of this duty merely because of his or her oversight in ascertaining the existence of outstanding tax certificates and should therefore ensure that said certificates are paid from the proceeds of the sale itself if sufficient. See 12 Fla. Jur. Estoppel and Waiver s. 82 et seq. The failure of the clerk to redeem the outstanding tax certificates would not, in my opinion, render the tax deed void. Courts have drawn a distinction between provisions of tax laws which are for the guidance of public officers in securing an orderly proceeding and those which are intended for the protection of the owner of the subject property: A failure to comply strictly with those provisions of tax laws which are intended for the guidance of officers in the conduct of business devolved upon them, designed to secure order, system and dispatch in proceedings, and by a disregard of which the right of parties interested cannot be injuriously affected, will not usually render the proceedings void; but where the requisites prescribed are intended for the protection of the citizen, and to prevent a sacrifice of his property, and a disregard of them might and generally would affect his rights, they cannot be disregarded and a failure to comply with them will render the proceeding invalid. . . . [Ozark Corporation v. Pattishall, 185 So. 333, 335 (Fla. 1938)]. Cf., Draughon v. Shultz, 173 So. 360 (Fla. 1937), in which proceeding a purchaser paid less for a tax certificate than that required by law because the clerk failed to collect the full amount. The court held that absent fraud the sale of the certificate was not null and void but the court would enjoin the enforcement of the tax certificate until the proper amount was paid. See also AGO 059-46 and s. 197.011, F.S. 1971, which statute provides that: No sale or conveyance of real or personal property for nonpayment of taxes shall be held invalid except upon proof that the property was not subject to taxation, that the taxes had been paid prior to the sale or that the property had been redeemed prior to the execution and delivery of deed based upon certificate issued for nonpayment of taxes. By the same token, the liens evidenced by the outstanding tax certificates are not defeated by the issuance of the tax deed. Rather they remain as a lien upon the property sold. Section 197.625, F.S. 1971, provides as follows: (1) A period of twenty years is declared to be the life of any tax certificate issued against any lands in the state, whether issued for state and county taxes or issued by municipalities for municipal taxes, and held by any private holder, natural or corporate, . . . such period of twenty years to be reckoned from the date of the issuance of such tax certificate. (2) When such certificate becomes twenty years old, reckoned from the date of its issuance, the same shall be deemed and held to be barred by this statute of limitation, and no action on such certificate shall be maintained by any such private holder in any court of this state, and no tax deed shall issue thereof. . . . Thus, the lien of the certificate would continue for 20 years from the date of the issuance of such tax certificate regardless that a tax deed had been issued on such property. See Campbell v. Horne,3 So.2d 125 (Fla. 1941), AGO's 062-59 and 056-287. See also Security Land and Investment Co. v. Ranger Realty Co., supra, where in a foreclosure suit of certain tax certificates the court noted at p. 25: If there are other outstanding state, county, or city tax certificates against the property involved in this case, which certificates have not been brought into these proceedings and adjudicated, the only legal effect of their omission from the proceedings is that complainant in this case makes the foreclosure decree subject to the lien of such other certificates which will not be affected by the decree in this case. (Emphasis supplied.) Further support of the authority of the clerk or other county officials to correct the erroneous oversight of the outstanding tax certificates and to procure their redemption is found in AGO 059-46 and s. 197.011, F.S. 1971, which statute provides as follows: No act of omission or commission on the part of any tax assessor, assistant tax assessor, tax collector, board of county commissioners, clerk of the circuit court, officer of this state . . . shall operate to defeat the payment of said taxes; but any such acts of omission or commission may be corrected at any time by the officer or party responsible for the same in like manner as is now or may hereafter be provided by law for performing such acts in the first place, and when so corrected they shall be construed as valid ab initio and shall in no way affect any process by law for the enforcement of the collection of any such tax. Your second question is answered by s. 197.625, F.S. 1971, as above quoted. The clerk must redeem the tax certificates within 20 years from the date of their issuance or the holders must institute proceedings to enforce their lien within said period, else the certificates shall be void and of no effect pursuant to s. 197.625. The answer to both your questions is further subject to s. 197.550, F.S. 1971, which provides as follows: Wherever there shall have been held by any clerk of the circuit court or other public officer for a period of three months or more any moneys paid in for the redemption of tax certificates, which moneys are by the course of law provided to be paid over to the holder of a tax certificate redeemed, but as to which such clerk of court or other officer has not made payment over to the holder during the period aforesaid, either because of the failure of the person entitled to claim the same to do so within said three months' period, or for other cause, such clerk of the circuit court, or other officer shall forthwith remit the unclaimed redemption moneys, less his fees, to the state treasurer who shall hold the same as part of the public funds of the state available for general state purposes, subject always, however, to the right of the true owner thereof, to have a reimbursement of such funds made to him upon proof of his right thereto according to the procedure provided for the reclamation of escheated property by the heir or legal representative. (Emphasis supplied.) Thus, if the clerk has already turned over the proceeds of the tax sale to the State Treasurer, then s. 197.550, supra, controls and incorporates the procedure of s. 731.33, F.S. 1971, which provides for a 20-year limitation within which the true owners (holders of the outstanding tax certificates) may claim said funds. Of course, said procedure does not extinguish the certificate holders' rights to foreclose their liens within the 20-year period provided in s. 197.430, supra, but said procedure would prevent the clerk from redeeming the outstanding tax certificates from the proceeds of the tax sales. This opinion is limited to the hereinabove referenced factual circumstances under law existing as aforesaid. Chapters 72-268 and 73-332, Laws of Florida, revised the procedure for tax collections, tax sales, and tax liens. An analysis of said changes may be found in AGO 074-32. Said changes do not affect the answer to your inquiry since they were not, according to facts stated by you, in force at the time of the circumstances of your inquiry. See Sudduth v. Hutchison,42 So.2d 355 (Fla. 1949), and James Alexander, Inc. v. United States,128 F.2d 82 (5th Cir. 1942).