Ray W. Pennebaker Assistant County Attorney Deland
Robert M. Carr City Attorney Port Orange
QUESTIONS:
1. Is the City of Port Orange authorized to levy taxes for the 1979-1980 fiscal year on land annexed to the city on June 22, 1979?
2. Is the city of Port Orange entitled, by virtue of having provided municipal services within the annexed area after annexation, to receive a share of the taxes levied by the county municipal service district or other dependent districts on the annexed area for fiscal year 1979-1980?
3. If the answer to question 2 is affirmative, is the city also entitled to receive a pro rata share of the taxes levied by such districts for fiscal year 1978-1979?
SUMMARY:
Section 171.061(1), F. S., authorizes the City of Port Orange to levy ad valorem taxes for the 1979-1980 fiscal year on real property previously annexed to the city on June 22, 1979. In the absence of specific legislative or judicial direction on the matter, the apportionment, proration, or transfer of ad valorem tax revenues from county `municipal services districts or other dependent districts' to an annexing municipality is unauthorized.
Your correspondence indicates that your questions are based on the following fact situation. The City of Port Orange, an incorporated municipality located within Volusia County, annexed a parcel of land in the unincorporated area on June 22, 1979. The parcel of land does not appear on the 1979 tax roll as being part of the City of Port Orange because the property appraiser did not have sufficient time to include it prior to completion of the tax roll by July 1, 1979. Consequently, no city millage was extended for the annexed area on the tax roll for the 1979-1980 fiscal year. The City of Port Orange levied its millage for the 1979-1980 fiscal year on September 13, 1979. I assume that the city's 1979-1980 fiscal year began on October 1, 1979, in accordance with s. 218.33(1), F. S.
AS TO QUESTION 1: The answer to question 1 is found in s.171.061(1), F. S., which provides:
 (1) The area annexed to a municipality shall be subject to the taxes and debts of the municipality upon the effective date of the annexation. However, the annexed area shall not be subject to municipal ad valorem taxation for the current year if the effective date of the annexation falls after the municipal governing body levies such tax.
This statute makes the applicability of municipal ad valorem taxes for the current year dependent on whether the effective date of annexation falls before or after the municipal governing body levies the tax.
The term `levy' is defined in s. 192.001(9), F. S., as follows:
 (9) `Levy' means the imposition of a tax, stated in terms of `millage,' against all appropriately located property by a governmental body authorized by law to impose ad valorem taxes.
Under this definition, the act of levying takes place when the governing body sets the millage or tax rate applicable to taxable value of property within its boundaries. The courts use the term `levy' in the same manner. Moye v. State ex rel. McCollum,151 So. 501 (Fla. 1933).
From the facts stated in your correspondence, it appears that the subject parcel was effectively annexed before the municipal governing body levied its ad valorem millage for the 1979-1980 fiscal year. Accordingly, I find that the City of Port Orange was authorized to levy ad valorem taxes on the annexed parcel for the 1979-1980 fiscal year.
In so concluding I am mindful of the fact that January 1 is the assessment date provided by law for real property, s. 192.042(1), F. S., and that tax liens are deemed to relate back to that assessment date, s. 197.056, F. S. These statutes do not, however, deal with or conclusively fix the tax situs of real property as inside or outside the boundaries of any taxing jurisdiction on the assessment date.
Section 192.032(1), F. S., specifically deals with the taxing situs of real property as follows:
 Situs of property for assessment purposes. — All property shall be assessed according to its situs as follows:
 (1) Real property, in that county in which it is located and in the taxing jurisdiction in which it may be located.
This statute recognizes that, at the date of the assessment, the boundaries of some taxing jurisdictions (including municipalities) may be subject to change and that the tax situs of real property as inside or outside those boundaries may need to be adjusted accordingly. Under this statute and s. 171.061(1), F. S., it appears that a municipality may levy ad valorem taxes on property which is annexed at any time before the date of levy.
I note that my predecessor in office considered a similar question in AGO 074-120, in which he concluded that a municipality newly incorporated effective October 1 could levy taxes within its boundaries for the current tax year, provided that its charter act authorized taxation relating back to January 1 and that the problems of complying with the procedural steps for taxation could be overcome. Compare AGO 074-296, concluding that, absent any authority to the contrary in the statute creating or authorizing the creation of a taxing entity, be it a municipality, special district, or special purpose district, one which comes into being subsequent to the January 1 tax day may not levy ad valorem taxes retroactive to January 1 of that tax year. These opinions, and the factual situations on which they were predicated, predated the operative date of ch. 74-190, Laws of Florida, by which s.171.061, F. S., was brought into the statutes. Section 171.061
operates to supply the necessary authority for an annexing municipality to levy ad valorem taxes relating back to January 1 on such areas as may be annexed prior to the levy of such taxes by the municipal governing body. Accordingly, question 1 is answered in the affirmative.
AS TO QUESTION 2:
Your correspondence does not describe the `municipal services district or other dependent districts' which may have levied taxes on the annexed parcel of land during and 1978-1979 and 1979-1980 fiscal years. The correspondence specifically does not state by what authority these districts were established; what services or benefits they have provided; whether these services or benefits, or any portion thereof, were financed by special assessments or bonded indebtedness; and whether the boundaries of such districts were changed (contracted) simultaneously with the City of Port Orange's annexation action. These matters might well affect the answer to question 2.
I am aware of no general statutory authority which permits taxing districts to apportion or transfer tax revenues or accounts receivable, which have been raised to support districtwide functions, to another taxing jurisdiction pursuant to an alteration of boundaries in the course of a tax year. Such an apportionment or transfer is not generally considered authorized in the absence of express statutory authority therefor. See
Okaloosa County Water and Sewer District v. Hilburn, 160 So.2d 43
(Fla. 1964); Prescott v. Board of Public Instruction, 32 So.2d 731
(Fla. 1947); and W. J. Howey Co. v. Williams, 195 So. 181 (Fla. 1980). See also AGO 077-17, concluding that taxes generated in a districtwide levy for districtwide regulatory and administrative that taxes generated be transferred to another district pursuant to a boundary change, absent clear statutory authority; and AGO 075-32, concluding that ad valorem taxes levied by a special district under authority of law for duly authorized district purposes generate revenues to be used by that district for the purposes of that district. In the absence of any specific legislative or judicial direction on the matter, it would appear that the transfer or apportionment contemplated in question 2 is unauthorized.
I note that the provisions of s. 193.092, F. S., may authorize the City of Port Orange to make assessments for back ad valorem taxes on property within its taxing jurisdiction which has escaped taxation, subject to a 3-year limitation.
AS TO QUESTION 3:
For the same reasons discussed above, I cannot authoritatively answer question 3.
Prepared by: David K. Miller, Assistant Attorney General