To: Mr. Lee S. Carlin Assistant Counsel City of Jacksonville
QUESTION:
Is the commission for services rendered to the Florida Inland Navigation District by the Duval County Property Appraiser's Office controlled by s. 10, Ch. 65-900, Laws of Florida, or by s.192.091(1)(a), F.S.?
SUMMARY:
The commission for the property appraiser's services to the Florida Inland Navigation District, to the extent of any conflict, is controlled by s. 192.091(1)(a), F.S. (as amended by s. 8, Ch. 73-172, Laws of Florida), which sets forth the method by which taxing authorities shall be billed for services rendered by the property appraiser.
The Florida Inland Navigation District (FIND) is a multi-county special taxing district created by Ch. 12026, Laws of Florida (1927). Chapter 12026, Laws of Florida (1927), was reenacted by Ch. 14723, Laws of Florida (1931), which, in turn, was amended by Ch. 65-900, Laws of Florida. Section 10, Ch. 65-900, Laws of Florida, in pertinent part, provides:
 The tax assessor of each of said counties shall be entitled to receive a commission upon the amount of taxes assessed on behalf of said district in the said county of one per cent of the total amount of such taxes assessed by him in said county and said commission shall be allowed by and paid to him by the treasurer of said district.
Thus, the enabling legislation for FIND specifically provides that the commission paid to the property appraiser[1] shall be one percent of the total amount of the taxes assessed on behalf of FIND. Section 192.091(1)(a), F.S., however, provides:
 The budget of the property appraiser's office, as approved by the Department of Revenue, shall be the basis upon which the several tax authorities of each county, except municipalities and the district school board, shall be billed by the property appraiser for services rendered. Each such taxing authority shall be billed an amount that bears the same proportion to the total amount of the budget as its share of ad valorem taxes bore to the total levied for the preceding year. . . .
 The question arises, therefore, whether the property appraiser's commission is one percent of the amount of taxes assessed for FIND pursuant to s. 10, Ch. 65-900, Laws of Florida, or a proportionate amount as provided in s. 192.091(1)(a), F.S.
 Generally, when a special law and a general law conflict, the special law will prevail.[2] However, a general statute covering an entire subject matter, designed to regulate all of the subject, may supersede a former statute covering only a portion of the subject when such is manifestly intended.[3]
 In AGO 70-135, this office considered whether the reenactment of s. 192.091(1), F.S., by Ch. 70-243, Laws of Florida, impliedly repealed s. 10, Ch. 65-900, Laws of Florida. Section 192.091(1), F.S., as amended by s. 6(a), Ch. 70-243, Laws of Florida, provided a schedule of commissions which the property appraiser receives for assessing property within a county.[4] Chapter 70-243, Laws of Florida, also contained a general repealer section which provided that "[a]ll general and special acts to the extent that they are in conflict herewith, are hereby repealed."[5]
 The opinion concluded that s. 10, Ch. 65-900, Laws of Florida, controlled the commission to be charged for the assessment of the district taxes, based upon the well-settled rule that a specific statute is not impliedly repealed by a subsequent general act "if the two may operate upon the same subject without positive inconsistency and repugnancy in their practical effect and consequences. . . ."[6]
 In 1973, s. 192.091(1), F.S., was amended by s. 8, Ch. 73-172, Laws of Florida, to substantially its present form. The schedule of commission fees reenacted by s. 6(a), Ch. 70-243, Laws of Florida, was replaced with language providing that the commission for assessments would equal a taxing authority's proportionate share of the total ad valorem taxes levied for the preceding year. In repealing any inconsistent laws, however, the Legislature was more specific in s. 22(1), Ch. 73-172, Laws of Florida, to provide:
 Any resolution of a board of county commissioners enacted pursuant to s. 145.022, Florida Statutes, and any special act or general act of local application relating to compensation of assessors, the budgeting or expenses of assessors' offices, or the compensation of any employee of an assessor's office . . . which are in conflict with any provision of this act are repealed to the extent of such conflict. (e.s.)
In AGO 73-381, this office stated that Ch. 73-172, Laws of Florida, was a "general revision of statutes controlling functions of the county assessors' offices, fiscal and otherwise." It was recognized that the legislative provisions in Ch. 73-172, Laws of Florida, showed a clear intent to make it possible for the Department of Revenue to carry out its duty to achieve uniform statewide assessment practices and standards.
The opinion considered whether provisions in the Consolidated City of Jacksonville Charter, Ch. 67-1320, Laws of Florida, would control certain budgetary items in the county property appraiser's office. It was concluded that Ch. 73-172, Laws of Florida, superseded those provisions in the charter which were in conflict with the assessor's budget as determined under that act. Furthermore, the opinion found that the general repealer clause in s. 22, Ch. 73-172, Laws of Florida, containing a nonexclusive list of laws repealed by the act, showed an inference that such laws as those listed, i.e., budgetary laws, sufficiently involved compensation of the tax assessor's office so as to create potential conflict with the act.[7]
It would appear, therefore, that a special law or general law of local application which relates to the compensation or commission which a property appraiser is to receive for services rendered would be repealed to the extent the law conflicts with Ch. 73-172, Laws of Florida.[8] Accordingly, I am of the opinion that the commission to be paid to the county property appraiser for services rendered to FIND, to the extent of any conflict, is controlled by s. 192.091(1)(a), F.S.
Robert A. Butterworth Attorney General
(ls)
[1] Chapter 77-102, Laws of Florida, amended various sections of the Florida Statutes to conform to s. 1(d), Art. VIII, State Const., as amended by H.J.R. 1907, 1973, adopted in 1974, changing the name "tax assessor" to "property appraiser."
[2] See, Rowe v. Pinellas Sports Authority, 461 So.2d 72
(Fla. 1984).
[3] See, State v. Dunmann, 427 So.2d 166 (Fla. 1983).
[4] See also, Committee Comment following s. 6, Ch. 70-243, Laws of Florida, stating: "The legislative intent of the changes made in this subsection is to return the schedule of fees received by the assessors to that which they received prior to the adoption of the 1969 state constitution."
[5] Section 48(4), Ch. 70-243, Laws of Florida.
[6] Attorney General Opinion 70-135 citing State v. Gadsden County, 58 So. 232 (Fla. 1912) and Sanders v. Howell, 74 So. 802
(Fla. 1917).
[7] The opinion acknowledged the applicable rules of statutory construction, citing American Bakeries Company v. Haines City,180 So. 524 (Fla. 1938) (general rule that a general law will not repeal a special act is qualified when the provisions of the general act "are apparently, from the language used, intended to prescribe an exclusive state rule or policy to govern those particular matters, any and all local or special laws to the contrary notwithstanding").
[8] Section 192.091(6), F.S., allows any property appraiser "receiving compensation for expenses in conducting his office or by way of salary pursuant to any act of the Legislature other than the general law fixing compensation of property appraisers" to elect to come under the provisions of s. 192.091, F.S. In materials provided to this office, FIND argues that s. 192.091(6), F.S., acknowledges that fees may be controlled by special act. Consequently, Ch. 65-900, Laws of Florida, does not conflict with s. 192.091, F.S. I would note that in AGO 70-135, this office stated that s. 192.091(6), F.S., "would not appear to have reference to an existing provision for rate of commissions on a specific levy such as that stated in Ch. 65-900, Laws of Florida."